## WILLIAMSON v. ACOSTA.
### No. 4936.

Court of Civil Appeals of Texas.
El Paso.
April 8, 1953.

R. B. Rawlins and R. T. Harris, Monahans, for appellant.

Thomas L. White, Monahans, for appellee.

.McGILL, Justice.

This is an appeal from a judgment of the District Court of Ward County, 109th Judicial District.

By his first amended original petition, on which the case was tried, appellee as plaintiff for himself and as next friend of thirty-six other parties sought to recover from appellant as defendant $444 for labor performed by him and such other parties on the 17th, 18th and 19th days of July, 1950, on defendant's farm in Ward County. He also sought to recover $250 as an attorney's fee. Among other pleas defendant filed a plea to the jurisdiction of the court on the ground that the $444 sued for was not such a suit to which the statutory provision for attorney's fees applied; and without attorney's fees the amount sued for was not sufficient to confer jurisdiction on the District Court. The Court overruled this plea, and on trial to a jury in answer to special issues the jury found that plaintiff Julio Acosta furnished 37 laborers on the 17th, 18th and 19th days of July, 1950, for work on defendant's farm and that defendant had not fully paid plaintiff for such labor, and that there was still owing by defendant to plaintiff Julio Acosta therefor $444. On these findings and a stipulation that $250 was a reasonable attorney's fee, the defendant, however, not agreeing that such fee was allowable, the court rendered judgment that plaintiff Julio Acosta recover from defendant $444 with interest from January 1, 1951 at the rate of 6% per annum, and attorney's fees in the sum of $250.

■ It will be observed that the issues as framed, the answers thereto and the judgment do not strictly conform with plaintiff's pleading as set out in his first amended original petition. They do conform with his original petition, and with their alternative allegations set out in paragraph 3 of their first amended original petition. No point is made of this.

"It is a fundamental rule that in determining the jurisdiction of the trial court, the allegations of the petition made in good faith are determinative of the cause of action." Brannon v. Pacific Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466, loc. cit. 469(6)—

It is also well settled that the attorney's fee constitutes a part of the amount in controversy and of course is considered in fixing the jurisdiction of the trial court. Davis v. Fore, Tex.Civ.App., 250 S.W. 783, and authorities there cited, (No writ history) but cited with approval in Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145, (op. adopted). Therefore, the only question as to jurisdiction is whether the attorney's fees are recoverable in this case, under the provisions of Art. 2226, R.C.S., as amended in 1949, Acts 1949, 51st Leg., p. 915, Chap. 494, Sec. 1, Vernon's Ann.Civ.St. Art. 2226. This article as amended provides:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished * * * may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

There can be no question that any one of the 37 laborers, including Acosta, if he complied with the statute as to the presentation of his claim to defendant, had a valid claim against defendant for a reasonable attorney's fee if represented by an attorney, and if he finally obtained judgment for any amount of his claim. Plaintiff Julio Acosta, by his first amended petition purported to represent the other 36 claimants as next friend, as well as himself. Any judgment recovered by him, including the attorney's fee, was for the benefit of the 36 claimants except as to the $12 and the pro-rata part of attorney's fees due thereon which was due Acosta in his own right as a laborer. Therefore, the attorney's fee was for "personal services rendered or labor done" not altogether by Julio Acosta but by him and the other 36 laborers, and was properly considered as a part of the amount in controversy. Under Rule 279 Texas Rules of Civil Procedure, it will be assumed that the court found demand had been made as alleged so as to warrant recovery of attorney's fees under the statute. Therefore, the court did not err in overruling defendant's plea to the jurisdiction.

■ The other points complain because the court admitted testimony of plaintiff in which two pages of a time book kept by him were introduced, which showed that plaintiff and others of the 36 claimants had worked for defendant on days other than July 17, 18 and 19, 1950, because plaintiff plead a specific contract covering only these days. There is no merit in these points. Defendant had pled that he had paid Acosta all that was due him for the labor he alleged was performed. He introduced a cancelled check for $408 dated July 22, 1950, payable to Julio Acosta, and testified that this was in part payment for the labor performed on July 17, 18 and 19, and that he had advanced Julio Acosta $36 in order to enable him to meet a payment that was due on his car, which sums made up the $444. The pages from plaintiff's time book which showed labor performed by these claimants for defendant on other dates was admissible to refute defendant's claim of payment and in rebuttal thereof. 17 Tex. Jur. p. 372, Sec. 127.

All of appellant's points are overruled and the judgment is affirmed.