Ernesto OLIVAS, Appellant,

v.

Jesus BARAJAS, Appellee.

No. 12953.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1955.

895

Nicholas Doran, San Antonio, for appellant.

Ralph E. Cadwallader, San Antonio, for appellee.

POPE, Justice.

Appellee, Jesus Barajas, recovered judgment against Ernesto Olivas in the amount of $66.50, $50 of which was for attorney's fees. Appellee filed his suit in the County Court at Law and, except for his allegations that he was entitled to recover $200 attorney's fees, the amount involved was within the jurisdiction of the Justice of the Peace Court.

Appellant excepted to the allegations concerning attorney's fees. The Judge of the County Court overruled the exceptions. The judge, however, told appellant that he would extend him the right to prove that the attorney's fees were alleged for the purpose of conferring jurisdiction upon the County Court. Appellant declined but insisted upon his exceptions. The case proceeded to trial, which lasted most of one day and was concluded the following day. Appellant failed to prove anything other than that, as a question of fact, the attorney's fees were excessive.

"A verified plea to the jurisdiction is essential, however, when the petition on its face states a claim within the court's jurisdiction and the defendant contends that the allegations have been deliberately falsified to confer an ostensible jurisdiction upon a court which, in truth, lacks power over the controversy. This contention most frequently appears as a claim that the plaintiff has fraudulently exaggerated or minimized the amount in controversy or has fraudulently alleged a claim involving a particular subject matter within the court's jurisdiction. The burden is upon the defendant to prove the allegations of such a plea. * * * The allegations of the petition are accepted as true for the purpose of determining jurisdiction unless they are challenged by a proper dilatory plea; plaintiff's good faith in alleging the subject matter of his claim can not be questioned by a special exception or a plea in bar." 2 McDonald, Texas Civil Practice, § 7.07.

Attorney's fees, under Art. 2226, Vernon's Ann.Civ.Stats., are a part of the amount in controversy. Williamson v. Acosta, Tex.Civ.App., 257 S.W.2d 772; National Life & Accident Ins. Co. v. Runnels, Tex.Civ.App., 227 S.W.2d 351. See also, Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145.

The judgment is affirmed.