## J. W. Mundy Et Al v. Knutson Construction Company Et Al

No. A-5581. Decided October 24, 1956.
(294 S.W. 2d Series 371)

*Fulbright, Crooker, Freeman, Bates & Jaworski, Newton Gresham* and *Quentin Bates,* for petitioners, Mundy and Newman, *Madison Rayburn,* for petitioner Moore, all of Houston.

On the question of whether there were any insurance premiums due and whether the original contractor was liable for same. Knox v. Ball, 144 Texas 402, 191 S.W. 2d 17; Stewart v. Law, 233 S.W. 2d 558; Spann v. Cochran, 63 Texas 240.

*Vinson, Elkins, Weems & Searls* and *W. Lawrence Cook, Jr.,* and *Lewis W. Cutrer,* all of Houston, for respondent.

In response cited Hargrove v. Insurance Inv. Corp., 142 Texas 111, 176 S.W. 2d 744; Greenwall v. Ligon, 14 S.W. 2d 829; Snyder v. Johnson, 256 S.W. 2d 898.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

The parties will bear the designation they had in the trial court. Plaintiff, Knutson, d/b/a Knutson Construction Company, had entered into a contract with one of the Harris County Water Control and Improvement Districts to install some sanitary sewer lines and other improvements. He sublet a part of this work to defendant, J. W. Mundy. In order to insure the performance of his subcontract Mundy gave a performance bond to plaintiff, Knutson, and defendant, L. Gene Newman, signed this bond as surety. Mundy was unable to carry out his subcontract and plaintiff had to complete Mundy's work. After the completion of plaintiff's contract with the Water Improvement District he sued both Mundy and Newman for the damages he alleged he had sustained. After a trial to a jury, the trial court rendered judgment for plaintiff against defendants for some $21,850.98. In this suit, Ben H. Moore intervened and sued Knutson, Mundy and Newman for $2,167.73, which intervenor alleged was due him for insurance premiums on workmen's compensation and public liability and damage insurance which intervenor had furnished to subcontractor, Mundy, covering that portion of the improvements which had been undertaken by Mundy. At the end of the trial the court rendered judgment that intervenor "take nothing" by virtue of his suit as against

Knutson and Newman, but gave intervenor judgment against Mundy for the full amount sued for. Mundy, being insolvent, did not appeal this judgment against him for the insurance premiums. Mundy and Newman appealed from the adverse judgment against them in favor of Knutson, and Moore appealed from the judgment in favor of Knutson and Newman on Moore's pleadings of intervention. The Court of Civil Appeals affirmed the trial court's judgments. 283 S.W. 2d 245.

■ Petitioners, Mundy and Newman, complain of the judgment against them and in favor of the plaintiff for $21,850.98, which included the sum of $6,500.00 attorneys' fees. As to that part of the trial court's judgment giving Knutson a recovery against Mundy and his surety, Newman, for the sum of $17,400.00 damages for the delay in completing the job, we approve and affirm the Court of Civil Appeals' opinion. In its opinion the Court of Civil Appeals has set out the evidence relied upon by Mundy and Newman to cause a waiver and release by Knutson of the provision of their contract providing for $100.00 per day as liquidated damages for each day the completion was delayed beyond the termination date provided in the contract. Summarized, this evidence shows that 23 days delay occurred by virtue of Mundy ceasing work on the contract at the request of the Water Improvement District. Knutson, in his petition, claimed damages for a total of 316 days in the completion of the job. The judgment of the trial court awarded damages for a delay of only 174 days. This is much less than the total delay of 316 days claimed by Knutson, minus the 23 days claimed by Mundy as a credit. An analysis of the jury's verdict shows that judgment was not rendered against Mundy for any part of the 23 days delay. The jury found that only 174 days delay was attributable to the fault of the defendant, Mundy.

Mundy and Newman introduced evidence which they claim showed that the provision for liquidated damages had been removed from the contract with Knutson. The trial court submitted an issue to the jury asking if an agreement was made between an agent of Knutson and Mundy that if Mundy would close down the job pursuant to a request of the Water Improvement District, the Knutson Company would not charge Mundy any delay damage unless the District charged Knutson such damages. The jury answered this in the affirmative. We agree with the Court of Civil Appeals that the evidence introduced shows this agreement dealt only with the delay cause by the Water Improvement District's request which was the delay for

the 23 days above discussed. Mundy was not charged for this delay by the court's judgment, as we have shown above.

■ The performance bond given by Mundy as principal and Newman as surety contained the following provision:

"Now, Therefore, if the said principal shall well, truly and faithfully keep and perform and fulfill all of the undertakings, conditions and agreements of said contract, and shall * * * *repay said Knutson Construction Company all costs and expenses said Knutson Construction Company may incur in the prosecution of any suit or suits,* which they may maintain against said principal on account of any breaches of said contract, or of this bond, * * *." (Emphasis added.)

In the case of Wm. Cameron & Co. et al v. American Surety Co. of New York, Texas Com. App., 55 S.W. 2d 1032, 1035, it is said:

"It is settled law in this state that, unless provided for by statute or by contract between the parties, attorneys' fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or a suit upon a contract. 13 Texas Jur., p. 196; 11 Texas Jur., p. 302. Counsel fees incurred in prosecuting a suit for or defending against a wrong are not ordinarily recoverable as actual damages. Closner v. Chapin (Texas Civ. App.) 168 S.W. 370."

That case was a suit brought by materialmen and laborers against the Surety Company, the contractor's surety, and also the owner of the property improved by the labor and materials, to recover the value of the items furnished to the contractors making the improvements. The trial court rendered judgment in favor of the materialmen and laborers against the Surety Company and in favor of the owner and freed his property from any and all liens claimed, and gave the owner a judgment for his attorneys' fees expended in defending the suit, and in prosecuting his cross-action to clear his property from the asserted liens. Upon appeal the Court of Civil Appeals held the materialmen and laborers could not recover from the Surety Company because the bond was not payable to them, and did not inure to their benefit, and also held the owner not entitled to recover any attorney's fees. Judge Ryan of the Commission wrote an opinion adopted by this court holding a provision in the bond "that the contractor shall fully indemnify and save harmless" the owner from all costs and damages which he may suffer by

reason of failure to perform the contract, and satisfy all claims and demands for the same did not entitle the owner to recover his attorneys' fees incurred in defending the suit against him, or prosecuting his cross action. In the case of Moore v. Moore, Texas Civ. App., 52 S.W. 565, 566, no writ history, the condition in the bond sued on provided " "* * * [to] well and sufficiently indemnify, save and keep harmless * * * from all costs, charges, damages, and suits that he may incur or become liable to in consequence of the levy of said alias execution, and shall pay off and discharge all judgments, damages and costs that may be rendered against the said * * * constable, by reason of said levy.' " This provision was held not to enable the constable to recover from the bondsmen attorney's fees for filing suit on the bond.

Plaintiff Knutson, relies upon the case of Cameron v. Barcus, 31 Texas Civ. App. 46, 71 S.W. 423, no writ history; Southwest National Bank v. Employers' Indemnity Corporation, Texas Com. App., 12 S.W. 2d 189, as sustaining the right of recovery. In the Wm. Cameron case, supra, Judge Ryan analyzes both of these cases and distinguishes them from the general rule preventing recovery of attorneys' fees. In the Wm. Cameron case a recovery of attorneys' fees was allowed on the following provisions of a bond: to "* * * save harmless * * * against any and all claims * * * [under a certain insurance policy] and 'any and all damages, costs, charges or expenses, actions or suits, whether groundless or otherwise.' * * *." A recovery for attorneys' fees was allowed in the case of Employers' Indemnity Corporation v. Southwest Nat. Bank, Texas Civ. App., 299 S.W. 676, reversed on another point but recovery of attorneys' fees affirmed, 12 S.W. 2d 189. The bond provision therein was to indemnify for " '* * * all loss, damage, liability, expense, or costs, by reason or on account of the aforesaid suit, or the cause of action involved therein. * * *' " The language of our performance bond, as set out above, is to "* * * repay all costs and expenses * * * [Knutson] may incur in the prosecution of any suit or suits, which they [it] *may maintain against said principal on account of any breaches of said contract, or of this bond, * * *" (Emphasis added.) Since the wording of our bond expressly provides for payment of "all costs and expenses" incurred in the prosecution of a suit or suits on a breach of the construction contract, or on that very bond, we feel attorneys' fees so incurred was a proper measure of recovery by Knutson. An attorneys' fee for the prosecution of a suit is an "expense" incurred. The language of the bond demonstrates that all parties had in contemplation that suit for breach of contract and

upon the surety bond might become necessary. The judgment of the Court of Civil Appeals affirming the trial court's allowance of attorneys' fees is therefore affirmed.

■ We will now take up the case of intervenor, Moore. In the trial Mundy testified that he owed Moore the sum of $2,167.73 as alleged by Moore. Mundy also testified that this sum represented unpaid premiums on insurance protection furnished him by Moore, and necessary for proper protection on this work, as required by his subcontract with plaintiff and also required by plaintiff's contract with the Water Improvement District. The trial court refused to render a judgment against either Knutson or Newman, but did give judgment for Moore against Mundy. Defendant, Newman, while admitting his bond would cover amounts due by Mundy to Moore for insurance premiums necessary to this job, says that there is no evidence by which it may be determined what premiums are for insurance furnished exclusively to this job, and therefore he is not liable to Moore.

Where the evidence shows that a charge consists of items properly a claim against a particular job, and items which are charges against other construction jobs, the burden is upon him who seeks to recover to introduce evidence showing what items are charges against the job covered by the bond sued upon. A failure so to do will prevent any recovery upon a performance bond. B. F. & C. M. Davis Co. v. W. E. Callaghan Const. Co., 1927, Texas Com. App., 298 S.W. 273, holding approved by the Supreme Court.

We have carefully read and reread the testimony of Mr. Mundy and of Mr. Moore and we are unable, from the record, to determine how much of the premium charge totalling $2,167.73 should be allocated to the Water District job, or how much of this premium is for insurance furnished Mundy and covering jobs other than the Water District job. Mr. Mundy testified as to the total amount owing to Mr. Moore, but he also testified that he was engaged in five other jobs during the time and that a part of the premiums sought to be recovered was for insurance on these other jobs. Mundy never did testify as to what portion of the $2,167.73 represented insurance on other jobs, or what portion represented insurance on the Water District job. Mr. Moore testified that there were other jobs included in the $2,167.73, but he did not separate the Water District job from the other jobs. We have been unable to determine, after careful studying the record, just how much of the $2,167.73

sought was properly chargeable to the Water District job. Therefore, it is impossible to render a judgment for Moore for any amount on his intervention plea.

Intervenor Moore seeks recovery against plaintiff, Knutson, first, on the ground that Knutson's contract with the Water Improvement District makes Knutson primarily liable for the premiums on the workmen's compensation and liability insurance; and, secondly, that Knutson orally agreed with Moore to pay the amount of such premiums. Under the present state of the record, as we have detailed above, there is no evidence under which a judgment could be rendered against Knutson for any definite amount regardless of the contract provisions, or any agreement to pay.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 24, 1956.