**FIRST NATIONAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Virgil VITITOW, Appellee.**

No. 7121.

Court of Civil Appeals of Texas.

Texarkana.

March 10, 1959.

Rehearing Denied April 14, 1959.

Arthur N. Biship, Jr., Dallas, for appellant.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellee.

CHADICK, Chief Justice.

This is an action by the appellee to collect hospitalization and medical care expense under the provisions of a hospitalization policy. The judgment of the trial court is affirmed.

Virgil Vititow and wife, Ruby Lee Vititow, as plaintiffs, sued First National Life Insurance Company, as defendant, to recover $303.50 claimed to have been expended by them for hospital room, X-ray, oxygen, medicine and laboratory expense and medical care which they claim the appellant Insurance Company had become obligated and bound to pay by reason of its issuance of policy No. H–4630. Other redress sought was an attorney fee of $250, and by trial amendment a statutory penalty of 12% of the amount of the claim. The total judgment prayed for was $589.92. The Insurance Company answered and in due order interposed pleas in abatement, special exceptions, general and special denials.

Trial was had to the court without a jury and judgment was rendered by the court in favor of the appellee for $295, a penalty of $35.40 and attorney's fee of $125, a total of $455.40.

Appellant asserts that the court erred in several material respects and has briefed the following points of error:

"1. The trial Court erred in asserting its jurisdiction herein, in violation of Art. 5, Sec. 8 of the Constitution of Texas [Vernon's Ann.St.].

"2. The trial court erred in determining that an insurance policy was in force covering the disabilities of the Appellee when the existence of the policy was neither properly pleaded nor conclusively proved.

"3. The trial Court erred in deciding that Appellant owed any moneys to

Appellee when the latter clearly failed to plead or prove such.

"4. The trial Court erred in refusing to declare that, as a matter of law, Appellee was not entitled to recover a 12% penalty plus attorney's fees, the same not being properly pleaded, and the adjudication thereof being a violation of Constitutional guarantees of due process and equal protection of the laws.

"5. The trial Court erred in awarding damages for hospitalization charges where the reasonableness thereof was not proved.

"6. The trial Court erred in awarding damages to Appellee, whose damage was neither pleaded nor proven, and who was not, as a matter of law, a proper primary party herein."

Under Point 1 appellee takes the position that the case should have been abated in the trial court because the 8th District Court of Hopkins County did not have jurisdiction under Art. 5, Sec. 8, Constitution of Texas, to try this suit, the amount in controversy being $303.50. Appellant asserts that the trial judge prior to trial should have determined the amount of the attorney's fee and if he had done so, the record shows that he would have awarded only $125 for that item, and that the attorney's fee in such amount and the total of the original claim added together is not sufficient to give the trial court jurisdiction.

■ Appellant's first point cannot be sustained. Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W. 2d 1145, eliminated any question as to whether attorney's fees may be considered in determining the jurisdiction of a court in a case such as this. The fee is a part of the claim and must be considered.

■ If the appellant wished to question the court's jurisdiction on the basis of appellee's want of good faith in alleging at-torney's fees, it should have done so by a plea in abatement alleging that excessive fees were sought to fraudulently confer jurisdiction and supported the same by evidence. Having failed to do so, it cannot now attack the trial court's jurisdiction. National Life & Acc. Ins. Co. v. Runnels, Tex.Civ.App., 227 S.W.2d 351, n. w. h.; Cox v. Cox, Tex.Civ.App., 304 S.W.2d 175, n. w. h.; Dwyer v. Bassett, 63 Tex. 274; Roper v. Brady, 80 Tex. 588, 16 S.W. 434; 21 C.J.S. Courts § 56 p. 67.

■ Appellant's argument with reference to Points 2 and 3 is that no liability of the Company is shown by the record and that the policy was neither pled nor proved. The policy in issue was not made a part of the pleadings by being attached or by reference or filing. Appellant construes Rule 59, Texas Rules of Civil Procedure, as prohibiting the introduction of the policy under such circumstances. The statement of facts reflects that pages 1, 2, the top paragraph of page 3 paragraph 3 and the remainder of the last page, together with the physician's service supplement were offered in evidence by the appellee. These portions of the insurance contract are sufficient to show the appellant's contractual liability. It is not necessary under Rule 59 to attach, file or make the policy a part of the pleadings by reference if the contractual agreement is pled. See Robert E. Lee Life Ins. Co. v. Sanderson, Tex.Civ. App., 127 S.W.2d 993, n. w. h.; Pacific Mutual Ins. Co. v. Talbert, Tex.Civ.App., 271 S.W.2d 487, n. w. h.; Automobile Ins. Co. v. Bridges, Tex.Civ.App., 5 S.W.2d 244, n. w. h. Points 2 and 3 are respectfully overruled.

■ Point 4 questions the constitutionality of the penalty section of Art. 3.62 of the Insurance Code of Texas, V.A.T.S. Before codification this was Art. 4736, R.S. 1925 (Acts 1919, p. 204, Sec. 35, as amended by Acts 1931, p. 135, ch. 91, Sec. 1). Every attack upon the constitutionality of the statute has previously met with defeat. Merchants' Life Ass'n of United States v.

Yoakum, 5 Cir., 39 C.C.A. 56, 98 F. 251; Pacific Mutual Life Ins. Co. of California v. Berryhill, Tex.Civ.App., 69 S.W.2d 784, n. w. h. Pursuant to such Article, if a 30-day demand has been made, the penalty is collectible if the insurer is finally adjudged to be liable on the policy regardless of how justifiable its unsuccessful defense of non-liability may have appeared. Lumbermens Mutual Casualty Co. v. Klotz, 5 Cir., 251 F.2d 499. The penalty flows from failure to pay. Pleading and proof in this respect appears sufficient. Appellant's Point 4 is overruled.

■ Point 5 in essence is a "no evidence" point. The argument by appellant is that the reasonableness of the hospital charges were not shown because on cross-examination the custodian of the hospital's books testified that she did not know how charges were determined nor what the cost make-up was. This does not show error. She did say that she based her testimony that the hospital charges were reasonable upon the fact that they came through the regular record channels, and by comparison of charges with other hospitals and from discussions she had heard by members of the hospital staff. The court's action in admitting this testimony is not made the basis of any complaint in this court. It is simply asserted that this testimony is hearsay and incredible and leaves the judgment without support. The testimony has probative force and the error asserted cannot be sustained. Appellant's 5th point is overruled.

■ The argument advanced in support of Point 6 is that Virgil Vititow could not maintain this suit to recover for hospital expenses for his wife. Going further and saying that he is not the real party in interest and only a nominal party. In the insurance policy Virgil Vititow is described as the *insured-premium payer* and his wife, Ruby Lee Vititow, as an insured dependent. In "Part A" of the policy is an agreement to pay the *insured,* which is one description of Virgil Vititow, hospital expenses actual-

ly incurred but not to exceed the amount set out in the policy. Under the terms of the contract the appellee Virgil Vititow was authorized to bring the suit. Aside from that, the claim asserted in the suit appears to be an asset of the community estate for which Vititow was authorized to maintain a suit. Johnson v. Daniel Lumber Co., Tex. Civ.App., 249 S.W.2d 658, wr. ref. Appellant's point of error No. 6 is overruled.

Having found no reversible error, it follows that the judgment of the trial court is affirmed.

Affirmed.