Juanita SALTER, Appellant,

v.

S. C. NELSON, Appellee.

No. 16186.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 9, 1960.

Wm. Andress, Jr., Dallas, for appellant.

Saner, Jack, Sallinger & Nichols and B. Robert Baker, Dallas, for appellee.

MASSEY, Chief Justice.

Suit was by S. C. Nelson, as plaintiff, against Juanita Salter, as defendant, for an amount owing upon a note given to plaintiff by defendant. The note was attached to plaintiff's petition as an exhibit. Same was in the amount of $2,000. Nothing by way of memorandum thereon showed any credits to have been made which would reduce the amount owing, although plaintiff alleged that $634 was owing thereon and filed his suit in the County Court.

From a summary judgment on the pleadings of the parties the defendant appealed.

Judgment affirmed.

The sole question on appeal is whether jurisdiction of the cause of action

existed in the County Court. We hold that the circumstances were such as to show that jurisdiction did exist and that the judgment entered was proper and not to be disturbed on jurisdictional grounds.

Although the note attached to plaintiff's pleading is in the amount of $2,000 and bears no notation thereon showing credits to have been applied so as to reduce the amount owing, the pleading itself averred that the amount due and owing by defendant thereon was only $634, plus attorney's fees by reason of the suit. The note, coupled with the pleadings, evidences the fact that defendant's liability to plaintiff on the note would stand fully discharged if and in the event such $634 (plus attorney's fees) be paid or converted into form of personal judgment. This is true because the note was not an installment note, but one which had wholly matured long prior to date suit was filed.

It therefore affirmatively appears that upon the finality of the judgment rendered against the defendant the plaintiff would be judicially estopped from ever seeking further relief against defendant on the note, and that defendant's liability thereon would stand fully discharged as merged into the judgment. 26 Tex.Jur., p. 35, "Judgments", sec. 364, "(Estoppel)—Inconsistent Positions."

■ The first step in the attachment of active jurisdiction is the filing of a pleading, outlining the controversy and invoking the aid of the court. This done, jurisdiction over the subject matter attaches to the extent of the case so made; and once jurisdiction is obtained the court will be warranted in granting any relief within and to the extent of the authority of the pleadings upon evidence proper to be considered. 25 Tex. Jur., p. 717, "Judgments", sec. 266, "(Attachment of Jurisdiction)—Over the Subject Matter."

■ After jurisdiction has attached, improper determination of questions would merely constitute errors occurring on the trial, which would not render the judgment void even though such errors appear on the face of the record. Clayton v. Hurt, 1895, 88 Tex. 595, 32 S.W. 876 (answering certified questions).

The defendant has cited cases to the effect that when an exhibit is referred to in the pleadings and an inspection thereof shows facts contradictory to the pleading, the exhibit and not the allegations controls. In our view, such principle of law has no application to the instant case. Here there is no contradiction. Any future claim made on the note against the defendant would be foreclosed for the reason that the judgment entered for plaintiff presupposes that plaintiff's original $2,000 obligation under the note had been reduced to the sum of $634. This supplies the necessary "credits" to the note itself, for want of which defendant makes complaint on appeal that the amount in controversy exceeded the jurisdiction of the County Court.

■ The amount in controversy in a suit is determined by the value to the plaintiff of the right he asserts in good faith in his pleading setting forth operative facts constituting his cause of action, and the petition will ordinarily be accepted as true for purposes of jurisdiction. This is true regardless of the truth of the allegations, unless it otherwise appears that plaintiff in framing his petition has sought to give jurisdiction where it does not properly belong, or it is made to appear by pleading and proof by his adversary that the allegations were erroneously made, or fraudulently made for the purpose of wrongfully conferring jurisdiction. 11–B Tex.Jur.(Rev.), p. 383, "Courts", sec. 67, subd. IV, "Jurisdiction", "B. Jurisdiction as Affected by Amount in Controversy", sec. 67, "Determination by Averments in Petition" (15 Tex.Jur.2d, p. 506, sec. 71). In the present instance, the defendant has not plead error or fraud, and the circumstances show proper jurisdiction in the County Court.

Judgment is affirmed.