**H. L. GORDON et ux., Appellants,**

v.

**Russell E. CARVER et ux., Appellees.**

No. 7670.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 19, 1966.

Ochsner, Nobles & Baughman, Amarillo, Harold W. Ochsner, Amarillo, of counsel, for appellants.

Cowsert & Bybee, Hereford, J. Edward Line, Hereford, of counsel, for appellees.

DENTON, Chief Justice.

This case originated in the Justice Court by written pleadings. Appellees Russell E. Carver and wife sued H. L. Gordon and wife for recision of the sale of a knitting machine. The plaintiffs alleged the knitting machine was not as represented; a tender of the knitting machine was made into court; and that plaintiffs purchased said machine from Mrs. Gordon and "paid to her the sum of $200.00". The petition prayed for recovery of this sum. The defendants answered by general denial. Judgment was rendered for the plaintiffs for $200.00 together with interest from date of judgment and the defendants appealed to the County Court.

The defendants filed a plea to the jurisdiction in the County Court challenging the

jurisdiction of the Justice Court on the ground the amount in controversy was in fact $201.00 rather than $200.00 as alleged in the petition; and that the reduced amount was alleged for the purpose of conferring jurisdiction upon the Justice Court. Attached to the plea to the jurisdiction was a photostatic copy of a written memorandum listing the knitting machine with a sales price of $179.50, a tax of $3.50 and a table at $18.00, totalling $201.00. Mrs. Carver signed a receipt for these items. With leave of the County Court, plaintiffs amended their original petition by decreasing their demand to $196.50 alleging this to be the amount paid for the knitting machine and table. The trial court overruled the plea to the jurisdiction without a hearing and entered judgment for plaintiffs for $196.50.

█ It is the general rule that the question of jurisdiction, insofar as the amount in controversy is concerned, is determined by the petition, and is concluded by the averments insofar as they state facts in relation to the thing in controversy. Salter v. Nelson (Tex.Civ.App.) 341 S.W.2d 567. Manning v. Lesher (Tex.Civ.App.) 290 S.W.2d 538. The amount in controversy is determined by the value to the plaintiff of the right he asserts in good faith in his pleadings which set forth the facts constituting his cause of action. Brannon v. Pacific Employers Insurance Company, 148 Tex. 289, 224 S.W.2d 466 and cases cited therein. The petition will be accepted as true for purposes of jurisdiction regardless of the truth of the allegations unless it is made to appear by pleadings and proof that the allegations were fraudulently made for the purposes of wrongfully conferring jurisdiction. Barnes v. United States Fidelity & Guaranty Co. (Tex.Civ.App.) 279 S.W.2d 919. 15 Tex.Jur.2d, Courts, Section 71.

█ In the instant case the averments in the written pleadings in the Justice Court do confer jurisdiction. Although the defendants below charged fraudulent allegations by plaintiffs to confer jurisdiction there was no evidence offered to support the charge of fraudulent allegations. Under the state of this record the allegations of plaintiffs' petition must control to determine jurisdiction. Corsicana Independent School District v. Corsicana Venetian Blind Company (Tex.Civ.App.) 270 S.W.2d 296.

█ Appellant relies on Hooper Lumber Company v. Texas Fixture Company, 111 Tex. 168, 230 S.W. 141, among others. That case involved a suit on open account for merchandise in the amount of $202.50. The plaintiff abandoned and renounced his debt to the extent that it exceeded $199.75 and sued for the latter amount. The court held that because it was not shown the amount demanded "embraced any cause of action, either optional or severable, for the amount sought to be remitted" the Justice Court would not have jurisdiction. However, the court was careful to point out that if the demand "had admitted of a segregation of the amount sought to be remitted, a different question would have been presented". The court held that in such an event the decision in Ft. Worth & R. G. Ry. Co. v. Mathews, 108 Tex. 228, 231, 191 S.W. 559 would apply. That case held: "[a] litigant may, at his election, omit to sue for any item which is due him (San Antonio & A. P. Railway [Co.] v. Addison, 96 Tex. [61], 64, 70 S.W. 200), and not thereby place such item in controversy, unless it is necessarily involved as a part of some other item of damage that has been placed in controversy". We think this rule of law is applicable here. The transaction between the parties here involved three items: the knitting machine, a table, and the sales tax. They are severable items. A demand was not made for the recovery of the tax of $3.50 either in the petition filed in the Justice Court or the amended petition filed in the County Court. No claim was made for an amount in excess of the Justice Court's jurisdiction.

The judgment of the trial court is affirmed.