**BAKERY EQUIPMENT AND SERVICE COMPANY, INC., Appellant,**

v.

**AZTEC EQUIPMENT COMPANY, Appellee.**

**No. 16157.**

Court of Civil Appeals of Texas, San Antonio.

April 18, 1979.

Stephen Dittlinger, Southers, Goldberg & Lyons, Inc., San Antonio, for appellant.

Peter H. Carroll, Brite, Drought, Bobbitt & Halter, San Antonio, for appellee.

## OPINION

KLINGEMAN, Justice.

This is an appeal arising out of a suit by appellee, Aztec Equipment Company, against appellant, Bakery Equipment and Service Company, Inc., to recover the sum of $189 alleged to have been wrongfully retained by appellant; for attorney's fees in the amount of $500; and for costs of suit. Appellee moved for summary judgment, and the trial court granted such motion and rendered judgment for appellee in the sum of $689.

On appeal, appellant does not object to the trial court's action in awarding summa-ry judgment in favor of appellee for the sum of $189, but its complaint by four points of error relates to the award of $500 as appellee's reasonable attorney's fees. Appellant contends that appellee's petition and summary judgment evidence sets up nothing more than a tort action for conversion and that, as a matter of law, attorney's fees are not recoverable in such an action. The record contains neither depositions nor supporting or controverting affidavits, and the appellee's motion for summary judgment asserts that it is based on the pleadings and appellant's "requests for admissions and interrogatories" on file in this case. None of the discovery requests was answered within the time permitted; therefore, all requests were deemed admitted under Rule 169, Texas Rules of Civil Procedure. The request for admissions relied upon by appellees consists of the following:

1. Request 1. That during the month of December 1977, Plaintiff sold to Panisicadora de Chihuahua one used forklift truck for the sum of ONE THOUSAND EIGHT HUNDRED NINETY AND NO/100 ($1,890.00) Dollars.

2. That delivery of said forklift truck was made to Defendant.

3. Request 3. That Defendant then delivered said forklift truck to Panisicadora de Chihuahua.

4. Request 4. That, in return therefore [sic], Defendant received from said purchases the sum of ONE THOUSAND EIGHT HUNDRED NINETY AND NO/100 ($1,890.00) Dollars.

5. Request 5. That Defendant thereupon remitted unto Plaintiff the sum of ONE THOUSAND SEVEN HUNDRED ONE AND NO/100 ($1,701.00) Dollars.

6. Request 6. That there was no agreement where Defendant would retain any part of said ONE THOUSAND EIGHT HUNDRED NINETY AND NO/100 ($1,890.00) Dollars as any type of compensation.

7. Request 7. That Defendant has failed and refused to pay Plaintiff the ONE HUNDRED EIGHTY–NINE AND NO/100 ($189.00) Dollars retained by De-

fendant, although requested repeatedly to do so.

8. Request 8. That a reasonable attorney's fee for services of Plaintiff's attorneys in this case is $500.00.

In a summary judgment proceeding under Rule 166–A of the Texas Rules of Civil Procedure the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969); *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965).

Appellee asserts that that portion of the summary judgment awarding it attorney's fees was properly granted because attorney's fees are recoverable as a matter of law in the cause of action plead by appellee, and because appellee proved it was entitled to recover attorney's fees as a matter of law. Appellee argues in its brief that its petition alleges both a suit on a contract and a tort action for conversion and that under such circumstances attorney's fees are recoverable under Article 2226, Texas Revised Civil Statutes. The paragraphs of plaintiff's petition relevant to this contention are as follows:

## II.

During the month of December, 1977, Plaintiff sold to Panisicadora de Chihuahua, one used forklift truck for the sum of One Thousand Eight Hundred Ninety and No/100 ($1,890.00) Dollars. Delivery of said forklift truck was made to Defendant. Defendant then delivered said forklift truck to Panisicadora de Chihuahua. In return therefore [sic], Defendant

received from said purchaser a check for the sum of One Thousand Eight Hundred Ninety and No/100 ($1,890.00) Dollars. Defendant thereupon remitted unto Plaintiff a check in the sum of One Thousand Seven Hundred One and No/100 ($1,701.00) Dollars, wrongfully retaining One Hundred Eighty Nine and No/100 ($189.00) Dollars.

## III.

Said retention of Plaintiff's One Hundred Eighty Nine and No/100 ($189.00) Dollars by Defendant constituted conversion, as the Plaintiff and Defendant herein had contracted and agreed that Plaintiff was to receive One Thousand Eight Hundred Ninety and No/100 ($1,890.00) Dollars in return for said equipment. Although often requested, Defendant has failed and refused to pay Plaintiff the One Hundred Eighty Nine and No/100 ($189.00) Dollars wrongfully retained by Defendant.

We do not agree that such pleadings allege a suit on a contract when the plain language of such pleadings states an action for conversion. Even if such pleadings were otherwise sufficient to allege an action in contract, there is no summary judgment proof to support the award of attorney's fees. The admissions relied upon by appellee to sustain the judgment merely state that a reasonable attorney's fee for the services of appellee's attorney is $500. While this might serve as an admission as to the reasonableness of the attorney's fees, it in no way admits liability for such attorney's fees and is not proof that appellant is responsible to appellee as a matter of law for attorney's fees of $500. There is no summary judgment proof in the record, therefore, to support the award of attorney's fees.

Attorney's fees are not recoverable either in an action in tort or in a suit upon a contract unless provided by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967); *Mun-*

*dy v. Knutson Construction Co.*, 156 Tex. 211, 294 S.W.2d 371 (1956); *Wm. Cameron & Co. v. American Surety Co. of New York*, 55 S.W.2d 1032 (Tex.Comm'n App.1932). The proof necessary to sustain an award of attorney's fees in a summary judgment case must meet the same standard of proof as in any other cause of action in which summary judgment is sought. The pleadings alone, even though sworn to, are insufficient to constitute summary judgment evidence, and there must be proof such as depositions, interrogatories, admissions, or affidavits, which establish the basis for such fees. There is no such proof here.

Although not properly raised as a point of error, appellant argues in its brief that the trial court was originally without jurisdiction to hear the cause because the amount in controversy was not within the subject-matter jurisdiction of the county court. For this reason appellant suggests that this case should be dismissed. Appellant reasons that if the recovery of attorney's fees is not here allowed the amount in controversy would be only $189, which it contends would remove it from the jurisdiction of the county court. As a general rule, a demand for attorney's fees in a petition constitutes a part of the amount in controversy and is considered in determining such amount for jurisdictional purposes. *Johnson v. Universal Life & Accident Insurance Co.*, 127 Tex. 435, 94 S.W.2d 1145 (1936); *First National Life Insurance Co. v. Vititow*, 323 S.W.2d 313 (Tex.Civ.App.—Texarkana 1959, writ dism'd); *Olivas v. Barajas*, 285 S.W.2d 894 (Tex.Civ.App.—San Antonio 1955, no writ); *Williamson v. Acosta*, 257 S.W.2d 772 (Tex.Civ.App.—El Paso 1953, no writ). The rule is further clarified in *Gordon v. Carver*, as follows:

> It is the general rule that the question of jurisdiction, insofar as the amount in controversy is concerned, is determined by the petition, and is concluded by the averments insofar as they state facts in relation to the thing in controversy. *Salter v. Nelson* (Tex.Civ.App.) 341 S.W.2d 567. *Manning v. Lesher* (Tex.Civ.App.) 290 S.W.2d 538. The amount in controversy

is determined by the value to the plaintiff of the right he asserts in good faith in his pleadings which set forth the facts constituting his cause of action. *Brannon v. Pacific Employers Insurance Company*, 148 Tex. 289, 224 S.W.2d 466 and cases cited therein. The petition will be accepted as true for purposes of jurisdiction regardless of the truth of the allegations unless it is made to appear by pleadings and proof that the allegations were fraudulently made for the purposes of wrongfully conferring jurisdiction. *Barnes v. United States Fidelity & Guaranty Company* (Tex.Civ.App.) 279 S.W.2d 919. 15 Tex.Jur.2d, Courts, Section 71.

409 S.W.2d 878 (Tex.Civ.App.—Amarillo 1966, no writ). In the case before us the averments in the written pleadings in the county court conferred jurisdiction over the cause. We decline to dismiss the action as suggested by appellant.

The trial court improperly granted appellee's recovery for attorney's fees. The pleadings and proof will not authorize such summary judgment for attorney's fees.

The judgment is reformed so as to eliminate therefrom the recovery of attorney's fees in the amount of $500, and, as reformed, the judgment is affirmed.