**JACK COUNTY FARM BUREAU,
Appellant,**

v.

**Charles H. MOTE, Appellee.**

**No. 5381.**

Court of Civil Appeals of Texas,
Eastland.

Dec. 13, 1979.

John Fulbright, Haley, Fulbright, Winniford, Bice & Davis, Waco, for appellant.

William D. Pratt, Mineral Wells, for appellee.

DICKENSON, Justice.

The controlling question is whether a constitutional county court had jurisdiction to decide a third party action which sought judgment over on a claim for the principal sum of $770.44 plus prejudgment interest and which also sought attorney fees of $500. We hold that the constitutional county court did not have jurisdiction.

United States Leasing Corporation sued Charles H. Mote to recover an indebtedness under a lease agreement for a copying machine, seeking the principal sum of $770.44 plus $223.42 as prejudgment interest. Charles H. Mote filed a third party action against Farm Bureau, claiming that he executed the lease agreement as Farm Bureau's agent and seeking actual damages equal to any judgment against him plus attorney fees in the amount of $500. The third party action, therefore, exceeded the jurisdiction of a constitutional county court. Tex.Const. art. 5, § 16 provides that such courts have jurisdiction in civil cases when the amount in controversy exceeds $200 but does not exceed $1,000.

The applicable rules are stated in *Campsey v. Brumley*, 55 S.W.2d 810, at 812 (Tex. Com.App.1932, holding approved), as follows:

> The jurisdiction of a court is determined, not by the judgment rendered, but by the petition. (citation omitted) It is settled that the petition must affirmatively show jurisdiction, and a judgment rendered by a county court on a petition which fails to affirmatively plead facts bringing the case within its jurisdiction presents fundamental and reversible error. (citations omitted)

The third party action may not exceed the jurisdictional limits of a court of limited jurisdiction. *Gimbel v. Gomprecht*, 89 Tex. 497, 35 S.W. 470 (1896); *Manly v. Citizens National Bank in Abilene*, 110 S.W.2d 993 (Tex.Civ.App.—Eastland 1937, no writ); 1 R. McDonald, Texas Civil Practice § 3.45.3 (Rev.1965).

Mote's petition sought attorney fees from Farm Bureau, and this demand constitutes a part of the amount in controversy for jurisdictional purposes. *Bakery Equipment and Service Company, Inc. v. Aztec Equipment Company*, 582 S.W.2d 870, at 873 (Tex.Civ.App.—San Antonio 1979, no writ); *Williamson v. Acosta*, 257 S.W.2d 772 (Tex.Civ.App.—El Paso 1953, no writ).

The first point of error is sustained. That portion of the trial court's judgment which awarded Charles H. Mote a recovery from Jack County Farm Bureau of $993.86 plus interest and costs is reversed, and the third party action is dismissed without prejudice.