**Virgil LONG, Individually and d/b/a Long's Machine Shop**

v.

**L. Carl FOX.**

**No. 16649.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1981.

Rehearing Denied Oct. 26, 1981.

Tom Even, Dennis K. Drake, San Antonio, for appellant.

Michael B. Smithers, New Braunfels, for appellee.

Before KLINGEMAN, CANTU and CLARK, JJ.

## OPINION

KLINGEMAN, Judge.

This is a suit brought by L. Carl Fox against Virgil Long, individually and d/b/a Long's Machine Shop in a Bexar County Court at Law under the Texas Deceptive Trade Practices-Consumer Protection Act wherein appellee Fox recovered a judgment for $6,511.45 after a jury trial.

Appellant initially contends that appellee in his petition asserts a claim in excess of the $5,000 jurisdictional limit of a county court.[1] Tex.Rev.Civ.Stat.Ann. art. 1970a

1. The trial court erred in granting judgment because the amount in controversy, as affirma-

(Vernon Supp.1980–1981) states that county courts at law shall have jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value $500 and shall not exceed $5,000 exclusive of interest.

■ It is a settled rule of law in this State that the good faith allegations of the petition are determinative of whether the cause of action is justiciable by the court whose jurisdiction is sought to be invoked. *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949).

■ The question of jurisdiction insofar as the amount in controversy is concerned is determined by the petition and is concluded by the averments insofar as they state facts in relation to the thing in controversy. *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (1924); *Salter v. Nelson*, 341 S.W.2d 567 (Tex.Civ.App. —Fort Worth 1960, no writ); *Manning v. Lesher*, 290 S.W.2d 538 (Tex.Civ.App.—Galveston 1956, no writ). The amount in controversy is determined by the value to the plaintiff of the rights he asserts in good faith in his pleadings which set forth the facts constituting his cause of action. *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466 (1949); *Williams v. Le Garage De La Paix, Inc.*, 562 S.W.2d 534 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Gordon v. Carver*, 409 S.W.2d 878 (Tex.Civ.App.—Amarillo 1966, no writ).

■ It is also well settled that a demand for attorneys' fees in a petition constitutes a part of the amount in controversy and is considered in determining such amount for jurisdictional purposes. *Johnson v. Universal Life & Accident Ins. Co.*, 127 Tex. 435, 94 S.W.2d 1145 (1936); *First Nat'l Life Ins. Co. v. Vititow*, 323 S.W.2d 313 (Tex.Civ. App.—Texarkana 1959, writ dism'd); *Olivas v. Barajas*, 285 S.W.2d 894 (Tex.Civ.App.— San Antonio 1955, no writ).

■ The live pleading on which plaintiff went to trial is his original petition. In

tively shown by plaintiff's own pleadings, ex-

such petition he alleges that because of certain violations by defendant of the Texas Deceptive Trade Practices Act he has suffered actual damages of $1,087.15 and is entitled to recover as a matter of law three (3) times the actual damages of $1,087.15 (totalling $3,261.45). Plaintiff also pleads that he is entitled to recover and seeks recovery of attorneys' fees as follows: the sum of $1500 for preparation and trial in trial court, an additional $1500 in the event of an appeal to the court of civil appeals, and an additional $1500 in the event of an appeal to the supreme court—aggregating a total recovery of $4500 attorneys' fees.

Appellee contends that the trial court had jurisdiction of said cause and that the amount in contention does not exceed $5,000 because (1) only the amount of actual damages ($1,087.15) is to be considered in determining the jurisdictional amount and the trebled amount cannot be considered for this purpose and (2) only the sum of $1500 can be considered as attorneys' fees as the other attorneys' fees sought are conditional and cannot be considered. We disagree as to both contentions. Appellee cites no cases in support of such contentions.

■ A recent case, *Allright, Inc. v. Guy*, 590 S.W.2d 734 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.), is directly on point with respect to the question of trebled damages. This was a case brought under the Texas Deceptive Trade Practices-Consumer Protection Act and involved the question of whether a county court at law had jurisdiction to hear the case where the original petition asserts an amount of actual damages of $1,807.51 which when trebled exceeds $5,000. The controlling question was whether only the amount of actual damages were to be considered in determining the jurisdictional amount or whether the trebled amount should be considered. The court held that the trebled amount was to be used in determining the jurisdiction and reversed and dismissed the case for want of jurisdiction. The court cites and relies on *Wood v. Little-*

ceeded the maximum jurisdiction of the court.

*ton,* 554 S.W.2d 662 (Tex.1977), where the Supreme Court held that under the Deceptive Trade Practices Act the award of trebled damages is mandatory, stating that "the consumer who proves all the elements required to recover actual damages *shall* recover three (3) times the actual monetary damages and, supported by adequate proof, reasonable attorneys' fees and court costs".

We agree and approve the holding in *Allright, Inc. v. Guy, supra.*

■ We also reject appellee's contention as to attorneys' fees. Appellee's pleadings as to attorneys' fees seek recovery of attorneys' fees in the trial court, the court of civil appeals, and the supreme court. This is a commonly used method of pleading in this type of case and the trial courts of this State have on various occasions passed and approved this type of attorneys' fees pleading. The trial court here correctly granted the attorneys' fees pleading in the amount of the entire amount sought and made an award accordingly with a remittitur provision applicable to whatever stage of appellate proceeding the case reached. This type of award has been approved in several cases before the courts of civil appeals. A good discussion of this type of pleading and judgment is found in *International Security Life Ins. Co. v. Spray,* 468 S.W.2d 347 (Tex.1971), where the Supreme Court states:

> Faced with the necessity of awarding the policyholder what the statute entitles him to receive, the trial judge may choose to allow an attorney fee large enough to protect the prevailing party in the event of an appeal. But it is the better practice to allocate the fee only if the additional work is actually done. To do so the trial judge is faced, as are we, with the opinion in *Cooksey v. Jordan,* 104 Tex. 618, 143 S.W. 141 (1912). The trial court there awarded a recovery by Huggins against Cooksey of the sum of $150 as a reasonable attorney fee. The judgment further provided for the sum of $250 as attorney fees "in the event of an appeal." The award of $150 was considered by the Supreme Court to be the final and unconditional judgment. The award of the additional sum was held to be invalid. Similar judgments have been invalidated insofar as they added an extra fee in the event of subsequent appeal. [Citations omitted.]

> The form of this trial court judgment, quoted above, differs from that of the Cooksey case in that a total award is first fixed and then a proviso is added which reduces the award by remittitur in the absence of appellate steps. This form of judgment has been approved in several cases before the courts of civil appeals, one of which has said: "If the remittitur casts doubt on the finality of the judgment there is no reason why it may not be disregarded for appeal purposes as in Cooksey."

Therefore, the Supreme Court held that a judgment which awards attorney fees subject to a remittitur if additional work is not required due to a lack of subsequent appeals is a final judgment. *International Security Life Ins. Co. v. Spray,* 468 S.W.2d 347, 360 (Tex.1971). In upholding this judgment the Supreme Court concludes by stating that the holding in *Cooksey* is overruled. *Id.* at 360.

Appellee makes the contention that appellant has waived lack of jurisdiction by certain acts, particularly his failure to file exception to the pleadings. Tex.R.Civ.P. 90.

■ We find no merit in appellees' contention. Appellant here has a proper assignment of error as to lack of jurisdiction in this appeal. Moreover, lack of jurisdiction is a fundamental error which may be reviewed for the first time on appeal. *Texas Employment Comm'n v. International Union of Electrical, Radio & Mach. Workers, Local Union No. 782, AFL–CIO,* 352 S.W.2d 252 (Tex.1961); *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956).

Under the record before us and authority here and before cited, we have concluded that the trial court lacked jurisdiction to try this case and that this case must be reversed. In view of our holdings we do not reach appellants' other points of error.

The judgment of the trial court is reversed and the case is dismissed for want of jurisdiction in the trial court.