Walter Rowan **THOMPSON,** et al., Appellants,

v.

**A.G. NASH & COMPANY, INC.,** Appellee.

No. 12–84–0096–CV.

Court of Appeals of Texas, Tyler.

Oct. 31, 1985.

Alan Mask, Jenkins & Watkins, P.C., Dallas, for appellants.

Charles Fuquay, Moseley, Jones, Allen & Fuquay, Dallas, for appellee.

COLLEY, Justice.

This is a summary judgment case involving the voluntary dissolution of a Texas corporation.

The summary judgment evidence establishes the following undisputed facts:

On August 6, 1981, A.G. Nash & Company, Inc., plaintiff/appellee, brought suit in the 191st Judicial District Court of Dallas County in Cause No. 81–8761J against Van Insurance Agency, Inc. On July 14, 1983, a summary judgment was signed and entered in such cause in favor of Nash against Van Insurance Agency, Inc. for $4,744.99. Without Nash's knowledge, the name of the corporation, Van Insurance Agency, Inc., had been changed by the directors and shareholders to Van County Insurance Agency, Inc. Van County Insurance Agency, Inc., the successor to Van Insurance Agency, Inc., was voluntarily dissolved[1] on September 24, 1982. At the time of dissolution, Walter Rowan Thompson, Jess R. Turner and Harry M. Jones, Jr., defendants/appellants, were the sole shareholders of Van County Insurance Agency, Inc. Each of such shareholders received cash from the dissolution of the corporation in excess of the amount of the judgment below. The instant suit was filed on September 21, 1983. On December 16, 1983, Nash filed a motion for summary judgment in this cause. The motion was granted, and on January 24, 1984, a summary judgment was signed and entered in favor of Nash against Thompson, Turner and Jones (appellants) for the sum of "$4,744.90 [sic]."

Appellants/shareholders present three points of error claiming that the summary judgment cannot be upheld because (1) this suit is barred by the doctrine of *res judicata*, (2) the summary judgment evidence does not conclusively establish, as a matter of law, that appellants/shareholders were indebted to Nash, and (3) a fact issue was raised as to whether Nash's action is barred by the four-year statute of limitations. We affirm.

Our disposition of this appeal is controlled by the provisions of the Texas Business Corporation Act. Article 6.02 provides that a corporation may be voluntarily dissolved by consent of all of its shareholders. Article 6.04 of the act sets forth cer-

---

1. Pursuant to TEX.BUS.CORP.ACT ANN. arts. 6.02, 6.06 (Vernon 1980). All references herein made to articles are to the Texas Business Corporation Act unless otherwise noted.

tain requirements which must be met before a corporation may file its articles of dissolution with the Secretary of State. In addition to ceasing business operations and giving notice of its intention to dissolve by mail to its creditors, the corporation is required to "pay, satisfy, or discharge its liabilities and obligations, or make adequate provisions for payment and discharge thereof...." Only then does the statute permit distribution of the remaining property or assets of the corporation to its shareholders. *See* art. 6.04 A(3). After the corporation has complied with the provisions of art. 6.04, the articles of dissolution may then be filed with the Secretary of State pursuant to arts. 6.06 and 6.07.

Article 7.12 of the Act reads in pertinent part as follows:

> The dissolution of a corporation ... (1) by [voluntary dissolution] ... shall not take away or impair any remedy available to or against such corporation, its officers, directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceedings thereon is commenced within three years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim.

■ Here, Nash filed suit against the corporation on August 6, 1981. The corporation was dissolved on September 24, 1982, but the suit against it was defended in the corporate name. Judgment was rendered against the corporation. All of such actions were authorized by art. 7.12. Under these facts, the liability of appellants/shareholders was fixed by the judgment to the extent each received cash or property of the corporation in distribution of its assets upon dissolution. Nothing remained for Nash to do except to enforce [2]

the judgment against the shareholders. At the time the instant suit was filed, the judgment in trial cause 81–8761J was not dormant. Nash is not here asserting a cause of action against appellants/shareholders on a sworn account, but rather seeking to collect and enforce the judgment in cause no. 81–8761J. The doctrine of *res judicata,* if applicable to this case, operates against the appellants, although they elected to defend the first action in the corporate name. Whether this action was brought pursuant to TEX.REV.CIV.STAT. ANN. art. 3827a (Vernon Supp.1985) as claimed by Nash in its brief, or TEX.R. CIV.P. 737, is of no consequence. The purpose of this suit was to follow and seize the corporate funds of Van Insurance Agency, Inc. held by appellants/shareholders in trust for the creditors of such corporation in order to satisfy the unpaid judgment of Nash. *See* art. 7.12; *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 550, 551 (Tex.1981). Neither art. 5529 nor art. 5527 of TEX.REV.CIV.STAT.ANN. (Vernon 1958 and Vernon Supp.1985) is applicable. The summary judgment evidence establishes as a matter of law that each appellant/shareholder received funds upon dissolution of the corporation in violation of arts. 6.04, 6.04 A(3) in an amount in excess of the amount of the judgment below. The points of error are overruled.

■ By cross-point Nash argues that the court erred in refusing to award it attorney's fees in this action. We overrule the cross-point. No expert testimony, in the form of summary judgment evidence or otherwise, appears in the record to support an award of attorney's fees by the court under TEX.R.CIV.P. 166–A(c)(e) and TEX. REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1985). *See Bakery Equipment and Service Company, Inc. v. Aztec Equipment Company,* 582 S.W.2d 870, 873 (Tex. Civ.App.—San Antonio 1979, no writ).

The judgment is affirmed.

---

**2.** This action is in the nature of a bill of discovery, and the judgment below is final and appealable. *See* TEX.R.CIV.P. 737; TEX.REV. CIV.STAT.ANN. art. 3827a (Vernon Supp.1985); and 2 R. McDonald, Texas Civil Practice, § 10.02.20 (rev.1982).