NO. 12-01-00031-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




MARK BURDETTE, INDIVIDUALLY § APPEAL FROM THE

AND D/B/A BURDETTE AUTO SALES,


APPELLANT


V.
§
 COUNTY COURT AT LAW OF



JAMES PAUL HUFFTY,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS


 


PER CURIAM


 Appellant Mark Burdette, d/b/a Burdette Auto Sales, seeks review of an order from the
county court at law that dismissed an appeal arising from the justice court. In the alternative, he asks
this Court to declare the original justice court judgment to be void for lack of subject matter
jurisdiction. We reverse the judgment of the justice court and dismiss it for lack of subject matter
jurisdiction.


Background

 James Huffty filed a Deceptive Trade Practices Act suit for damages against Burdette in
Justice Court, Precinct 1, Nacogdoches County. Huffty alleged that Burdette sold him an automobile
after representing to him that it had never been wrecked, and that oil leaks would be repaired at
Burdette's expense, prior to Huffty taking possession of the vehicle. When Huffty took possession
of the vehicle, the oil leaks had not been fixed, and he discovered that the vehicle had, in fact,
sustained damage from an accident.

 After Burdette failed to answer, the justice court rendered a default judgment for Huffty.
Burdette filed a motion for new trial, which the justice court first granted, then denied. The justice
court also rendered a nunc pro tunc judgment. Burdette filed another motion for new trial, which
the justice court did not act upon, then filed an appeal bond. The county court at law dismissed the
appeal for lack of jurisdiction for failure to file a timely appeal bond.


Void Judgment

 Burdette contends in its first issue that the justice court judgment is void as a matter of law
for lack of subject matter jurisdiction, and that the county court erred when it declined to reverse and
dismiss the trial court judgment. Burdette asserts that the justice court lacked subject matter
jurisdiction over Huffty's claims because the amount in controversy exceeded its jurisdictional
limits. Subject matter jurisdiction is essential to the authority of a court to decide a case. Texas
Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Subject matter
jurisdiction may not be waived by the parties, and may be raised for the first time on appeal. Id. at
445. If a trial court lacks subject matter jurisdiction, the appellate court must reverse the judgment
of the trial court, and dismiss the cause of action entirely. City of Garland v. Louton, 691 S.W.2d
603, 605 (Tex. 1985).

 In Huffty's Original Petition, he stated his prayer for relief as follows:


 WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial,
Plaintiff have the following: (1) JUDGEMENT AGAINST Defendants for economic damages in an
amount within the jurisdictional limits of the court; (2) by reason of Defendants' intentional conduct,
mental anguish damages in the amount within the jurisdictional limits of the court; (3) by reason of
Defendants' knowing and intentional conduct, additional damages allowed by Section 17.50(b)(1) of
the Business and Commerce Code; (4) pre-judgement interest as provided by law; (5) attorney's fees;
(6) post-judgement interest as provided by law; (7) costs of suit; and (8) for such other and further
relief to which Plaintiff may be justly entitled.



 As creatures of statute, justice courts are governed by a legislative grant of jurisdiction. At
the time this suit was filed, justice courts had jurisdiction in cases where the amount in controversy
was not more than $5,000, excluding interest. Tex. Gov't Code Ann. 27.031 (Vernon Supp. 2000). 
It is a settled rule of law in this State that the good faith allegations of the petition are determinative
of whether the cause of action is justiciable by the court whose jurisdiction is sought to be invoked. 
Brannon v. Pacific Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466, 469 (1949). The amount
in controversy is determined by the value to the plaintiff of the rights he asserts in good faith in his
pleadings which set forth the facts constituting his cause of action. Long v. Fox, 625 S.W.2d 376,
378 (Tex. App.-San Antonio 1981, writ ref'd n.r.e.). It is also well settled that a demand for
attorneys' fees in a petition constitutes a part of the amount in controversy and is considered in
determining such amount for jurisdictional purposes. Johnson v. Universal Life & Accident Ins.
Co., 127 Tex. 435, 438, 94 S.W.2d 1145, 1146 (1936); Long, 625 S.W.2d at 378; Reserve Life Ins.
Co. v. Shelton, 415 S.W.2d 281, 283 (Tex. App.-Austin 1967, writ dism'd w.o.j.). Under a DTPA
action, economic damages, mental anguish damages, and additional damages for knowing conduct,
are to be considered in determining the jurisdictional amount. See Long, 625 S.W.2d at 378-79
(holding that the amount of actual damages, as well as any trebled amount under the old statute, as
well as attorneys' fees, constitute the amount in controversy). 

 In his petition, Huffty did not seek additional damages or attorney's fees "within the
jurisdictional limits of the court," as he did with his economic and mental anguish damages, even
though they constitute a part of the amount in controversy and must be considered in determining
such amount for jurisdictional purposes. Consequently, Huffty did not plead an amount in
controversy within the jurisdictional limits of the justice court. Accordingly, we reverse the
judgment of the justice court as being void as a matter of law and dismiss the suit for lack of subject
matter jurisdiction.


Opinion delivered December 5, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

 










(DO NOT PUBLISH)