## TEXAS & P. RY. CO. v. BECK–MATTOX BROKERAGE CO.   (No. 3143.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 25, 1925. Rehearing Denied Jan. 14, 1926.)

1. **Carriers** &xrightarrow; 135—Demurrage and return freight charges for damaged hay not allowable, in absence of showing why hay should not have had been disposed of at destination.

In action against carrier for damage to hay which ultimate consignee refused to accept, demurrage and return freight charges *held* not allowable, in absence of showing why hay should not have been disposed of at destination.

On Appellant's Motion for Further Reformation and Appellee's Motion for Rehearing.

2. **Costs** &xrightarrow; 252—Attorney's fees not allowable, where judgment is less than amount claimed.

Where judgment for damage to shipment is rendered on appeal for less than face of claim, as originally presented to carrier, and as allowed below, attorney's fees are not allowable.

Appeal from Harrison County Court; J. W. Scott, Judge.

Suit by the Beck-Mattox Brokerage Company against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Judgment reformed, and, as reformed, affirmed.

R. S. Shapard and T. D. Gresham, both of Dallas, and Prendergast & Prendergast, of Marshall, for appellant.

Cary M. Abney and Lane & Lane, all of Marshall, for appellee.

HODGES, J. This suit originated in the justice court, and was for damages to 107 bales of hay, rendered worthless while in transit from Ft. Stockton to Newton, Tex. The proof showed that the hay was shipped by the appellee to Marshall, Tex., under a bill of lading naming the appellee as the consignee. When the car containing the hay arrived at Marshall, it was given a door inspection, and then diverted to Newton, Tex., consigned to one J. W. Mattox, who had the privilege of inspecting before accepting. When the hay arrived at Newton, it was rejected by Mattox because some of it was damaged. The entire carload was then shipped back to Marshall, and there disposed of. It was found upon examination that 107 bales of the hay were so damaged as to become worthless. The damaged hay was removed from the car and the remainder disposed of at the usual market price. In this suit the appellee sought to recover the value of the damaged hay, which it placed at $80.26, and freight charges amounting to $43.68; also $6 for demurrage and $20 as attorney's fees. The final trial in the county court resulted in a judgment in favor of the appellee for $129.94 and an attorney's fee of $20.

[1] Under the record as presented we are of the opinion that it cannot be said, as a matter of law, that the court was not justified in holding that the hay was damaged as the result of being shipped in a defective car. We are also of the opinion that the appellee was entitled to recover attorney's fees under the statute. But the evidence did not justify a judgment for the demurrage and return freight charges incurred in shipping the hay from Newton back to Marshall. There does not appear any good reason why the damaged hay should not have been removed from the car and the remainder disposed of at Newton, its destination. The testimony of the appellee shows that the market value of good hay at Newton was the same as at Marshall. The judgment will therefore be reformed, so as to eliminate the sum of $49.58, the amount of the return freight charges and demurrage, and as so reformed affirmed.

On Appellant's Motion for Further Reformation and Appellee's Motion for Rehearing.

[2] The appellant in a motion for further reformation of the judgment in this case, calls attention to the fact that the amount for which judgment is here rendered is less than the face of the claim originally presented to the railroad company. That being true, the appellee was not entitled to recover $20 attorney's fees included in the judgment of the trial court. The judgment will therefore be further reformed, so as to exclude the attorney's fees.

The appellee, in a motion for a rehearing,

---

insists that it was entitled to $6 charged for demurrage. The evidence, we think, was not sufficient to authorize the rendition of a judgment for that charge.

The motion of the appellee for a rehearing is overruled, and the appellant's motion for reformation of the judgment is granted.