Ferrell Wilson BECK, Appellant,

v.

Don E. BECK, Appellee.

No. 3247.

Court of Civil Appeals of Texas.

Eastland.

May 18, 1956.

Rehearing Denied June 15, 1956.

John R. Carrell, Dallas, for appellant.

C. O. McMillan, Stephenville, for appellee.

LONG, Justice.

Ferrell Wilson Beck and Don E. Beck were man and wife for about thirty years. On the fifth day of March, 1953, a decree of divorce was entered in the district court of Erath County divorcing them from each other and approving a property settlement theretofore entered into between the parties. This is a suit by Ferrell Wilson Beck against Don E. Beck to set aside said property agreement. Both plaintiff and defendant filed a motion for summary judgment. The court found that there is no genuine issue of any material fact existing and entered a judgment that plaintiff take nothing. Plaintiff has appealed.

■ It is the contention of appellant that the property settlement agreement is void for the reason that at the time of its execution the parties were living together as husband and wife and it is therefore contrary to public policy. She further contends that such contract is not supported by any consideration. This is not a suit to set aside the judgment, but is to set aside the property settlement agreement. The judgment granting the divorce and approving the property settlement is a final judgment. No appeal was taken therefrom and it has never been modified in any respect. It is undisputed that appellant and appellee entered into a property settlement agreement; that thereafter the parties appeared before the court in the divorce case and testified that the agreement was satisfactory to each of them. The court entered its judgment approving the contract and made it a part of the judgment. It is undisputed that the property settlement contract was fully executed. The parties went into possession of the property awarded each therein. It is the settled law of Texas that where a judgment is rendered by a court of competent jurisdiction it cannot be litigated in a subsequent suit between the same parties.

"Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a court of competent jurisdiction in which a final judgment or decree is rendered upon litigation is conclusively settled by the judgment or decree between the same parties, and cannot be again litigated, whether the claim, demand, purpose or subject-matter of the two suits is the same or not." 26 Tex.Jur. 12; Stephenson v. Miller-Link Lumber Co., Tex. Com.App., 277 S.W. 1039.

The above is true even though the judgment may be by consent. Gulf Production Co. v. Palmer, Tex.Civ.App., 230 S.W. 1017; Adams v. Adams, Tex.Civ.App., 214 S.W.2d 856.

■ It is our opinion that the judgment between the parties in the divorce suit is a complete bar to appellant's alleged cause of action. There was no genuine issue of fact existing. The record showed conclusively that the rights of the parties in the property were duly fixed by a final judgment of the court. The trial court properly granted appellee's motion for summary judgment. The judgment of the trial court is affirmed.