**Paul GOLSON et ux., Appellants,**

v.

**Ann CAPEHART et al., Appellees.**

**No. 4482.**

Court of Civil Appeals of Texas, Eastland.

Oct. 29, 1971.

Rehearing Denied Nov. 26, 1971.

Schulz, Hanna & Burke, Malcolm Schulz, Abilene, for appellants.

Cain, Dorsey & Johnson, Jerry M. Johnson, San Angelo, for appellees.

McCLOUD, Chief Justice.

Ann Capehart, Individually and as Independent Executrix of the Estate of Emma Golson, deceased, Wade Golson, Mrs. Della Baucom, Mrs. Cleo Gill, Curtis Golson, Mrs. Grace Green, Mrs. Sealy Harris, and Lee Roy Golson, sued Paul Golson and wife, Mary O. Golson, seeking to set aside

a deed from Emma Golson to Paul Golson. The plaintiffs and Paul Golson are the children of Emma Golson. The deed was dated March 19, 1969, and conveyed 554.45 acres of land in Coleman County. The stated consideration was one dollar and other good and valuable consideration. Emma Golson died April 8, 1969.

The trial court in a nonjury case found that one dollar ($1.00) was the only consideration that passed between the grantee and grantor. Further, that such consideration was wholly and completely inadequate and was so gross and unconscionable as to constitute fraud. The court found that the value of the land was at least $80.00 per acre. The court also found that the deed was not intended to be a "gift deed". Defendants appeal from the judgment declaring the deed to be null and void.

Appellants contend that the court erred in finding that no consideration other than one dollar passed to the grantor and that such was inadequate as a matter of law. When asked what the "other good and valuable consideration" was, appellant, Paul Golson, stated "well, it was what I done for her all of these years". There is evidence that Paul Golson lived near his mother and assisted her in various ways. Appellants argue that the consideration for the conveyance was what Paul Golson had done for his mother in the past and what he might have to do for her in the future. However, there is also evidence from which the trial court might conclude that the consideration for the conveyance was to be the payment of $80.00 per acre, and not what Paul Golson had done for his mother or might have to do in the future. The trial court heard the evidence concerning additional consideration and in his findings of fact found "that no additional consideration other than one dollar ($1.00)

passed between Paul Golson and Emma Golson".

■■ In a nonjury case the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony, and where there is probative evidence to support the findings and judgment, they are controlling upon the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. Calvert v. Union Producing Company, 154 Tex. 479, 280 S.W.2d 241 (1955).

■ As a general rule, mere inadequacy of price will not constitute ground for cancellation. For inadequacy of price to justify the nullification of a sale it is essential that such inadequacy be extreme in view of the circumstances surrounding the transaction. The inadequacy must be so gross as to constitute in itself decisive evidence of fraud. Commercial Bank, Unincorporated of Mason, Texas v. Satterwhite, 413 S.W.2d 905 (Tex.Sup.1967); 10 Tex.Jur.2d 368, Cancellation of Instruments, Sec. 42.

The trial court found that no gift was intended and that there was no consideration for the conveyance other than $1.00. The court found that $43,320.00 was the approximate value of the property.

■ We hold that payment of only $1.00 as the sole consideration for property valued at approximately $43,320.00 is not mere inadequacy of consideration, but constitutes that degree of inadequacy that is so extreme and gross as to constitute fraud and justify the nullification of a sale.

We have considered all of appellants' points of error and all are overruled. The judgment is affirmed.