**Jesse BAKER, Jr., Appellant,**

**v.**

**MISSOURI PACIFIC TRUCK LINES, INC., Appellee.**

**No. 17969.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 30, 1981.

Edward J. Ganem, Victoria, for appellant.

James N. Stofer, Anderson, Smith, Null, Stofer & Smith, Victoria, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

Jesse Baker, Jr., (Baker), plaintiff in the trial court, appeals from a summary judgment granted to Missouri Pacific Truck Lines, Inc. (Missouri Pacific), the defendant in the trial court, in a case growing out of a contract involving the hauling or moving of freight shipped to Victoria, Texas, by Missouri Pacific. The judgment will be affirmed in part, and in part reversed and remanded.

For a number of years Missouri Pacific had contracted with Adolph Pesek to distribute its freight in the Victoria area. Pesek's health was not good, and he approached Baker about buying his business and taking over as a drayman for Missouri Pacific. The business was quite profitable and Baker indicated interest in the proposal. Pesek arranged with the Missouri Pacific manager in Houston to recommend that Baker be given a contract upon Pesek's terminating his contract. Baker's application to Missouri Pacific was approved, and he thereupon purchased Pesek's machinery and equipment for $36,000, a sum of money in excess of the cash market value of the equipment sold.

Prior to signing the contract and purchasing the equipment, Baker called Mr. Richard C. Toliver, the Missouri Pacific agent in Houston, on the telephone to discuss a clause in the proposed contract authorizing either party to terminate the contract on thirty days' notice. Mr. Baker testified that he asked the agent: "Look, what is going to keep the company from just all of a sudden pulling this thing out from under if they so desire?" Mr. Toliver allegedly answered: "Don't worry about it, as long as you deliver the freight, you have got nothing to worry about." Mr. Baker further detailed the conversation by saying that Mr. Toliver told him that thirty days was standard for the contract and added "Don't worry about it, as long as you deliver the freight, no problem."

Baker then signed the contract, purchased the equipment and began work under the contract. He continued to deliver the freight for some five months, during which time he made a small profit. The company then terminated the contract. Mr. Baker, who previously had been Mr. Pesek's accountant, was acquainted with the profit which Pesek had made as a Missouri Pacific drayman. He testified that the net profits ran between $20,000 and $25,000 a year. Mr. Baker did not pay any money to Missouri Pacific as consideration for entering into the contract and did not buy any equipment from Missouri Pacific.

By a supplemental petition filed on March 21, 1980, plaintiff alleged that the defendant falsely and fraudulently represented to him that the contract between the parties would continue in effect for an indefinite period; that the representation was false and the defendant knew or should have known that the contract would quickly terminate and that the plaintiff would not have sufficient time to recoup his investment; that he believed and relied upon the representation and was thereby induced to enter into the agreement made the basis of the lawsuit. He alleged other violations of the Business and Commerce Code also.

On March 25, 1980, the defendant filed its motion for a summary judgment, the material paragraphs of which read:

> Plaintiff's petition alleges a cause of action under the Texas Deceptive Trade Practices Act. However, the Plaintiff's pleadings on file herein conclusively show that Plaintiff was not a consumer in the transaction made the basis of his suit and that a written contract was entered into specifically authorizing the action taken by the defendant and made the basis of Plaintiff's claim. Plaintiff's pleadings further show that any evidence he might adduce in support of his contentions would constitute parol evidence and, therefore, would not be admissible.
>
> Defendant would show this court that because of the foregoing facts and because there are no material issues of fact involved in this case, defendant is entitled to judgment as a matter of law.

On the same date the defendant filed what was entitled "Motion For Leave To Set Hearing On Summary Judgment." In response to this pleading the judge entered an order setting the motion for a hearing on April 2, 1980. On March 28, 1980, the plaintiff filed a pleading entitled "Plaintiff's Answer To Defendant's Motion For Leave To Hear Summary Judgment." In this pleading plaintiff pointed out to the court that paragraph "c" of Rule 166A, T.R.C.P., required that the motion be served at least twenty-one days before the time specified for the hearing. In paragraph two he stated "for further answer" plaintiff would show that the case was set for trial on its merits on April 7, 1980. In paragraph three he states "as an additional answer" that the suit is predicated upon a breach of contract and also founded on violation of the Deceptive Trade Practices Act. In paragraph four he states "further" he had alleged fraud by the defendant in connection with the execution of the contract and that such allegation and proof would show a genuine fact issue. In paragraph five he states that "in addition to the fraud issue there are other material facts issue (sic) in the case and that the Defendant is not entitled to summary judgment in the case." He then prayed that the motion for leave to set hearing on the summary judgment be denied and "in the alternative" that if the court grants leave and permits the hearing on defendant's summary judgment, that plaintiff be given additional time to file an answer to defendant's motion for summary judgment.

The motion for summary judgment was heard on the 8th day of April, 1980, and the judgment recites that the court "is of the opinion that there is an absence of genuine issue (sic) of material fact herein and that accordingly summary judgment should be entered for defendant, Missouri Pacific Truck Lines, Inc., who is entitled thereto as a matter of law." The court then ordered that the plaintiff take nothing.

The plaintiff filed a motion for new trial in which he asserted that the court erred in holding that the plaintiff was not a "consumer" as defined in the Deceptive Trade Practices Act; that it erred in ruling that even though the defendant made misrepresentations to plaintiff prior to the execution of the contract made the basis of the lawsuit, that such misrepresentations could not constitute any grounds for recovery; and in "the finding" that there was no fact issue involved in the case. This motion was denied and this appeal resulted.

The "Plaintiff's Answer To Defendant's Motion For Leave To Hear Summary Judgment" was not intended as an answer to the defendant's motion for summary judgment. It specifically prays that the plaintiff be given additional time to file an answer to defendant's motion for summary judgment. Section (c) of Rule 166A, Tex.R.Civ.P., provides: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." In *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979) the court addressed this portion of the rule by saying:

> [B]oth the reasons for the summary judgment and the objections to it must be in writing and before the trial court at the hearing ... To permit "issues" to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such hearing. (citation omitted)

The Supreme Court also stated:

> The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law ... Summary judgments must stand on their own merits and the nonmovant's failure to answer or to respond cannot supply by default the summary judgment proof necessary to establish the movant's right.

. . . . . .

> [T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. The non-movant, however, may not raise any other issues as ground for reversal.

Id. at 678.

In its motion for summary judgment the defendant has urged that it is entitled to summary judgment on the cause of action based on the Deceptive Trade Practices Act by reason of the fact that the plaintiff is not a consumer. It is the movant's burden to conclusively prove this defense.

Section 17.45(4) of the Texas Business and Commerce Code Annotated[1] defines a consumer as: "an individual, partnership, corporation, or government entity who seeks or acquires by purchase or lease, any goods or services." Baker contends that he purchased services from Missouri Pacific, being the right to deliver freight in Victoria County, and that the consideration for the purchase was his agreement to be available for delivering such freight. In this regard the contract provides:

> The contractor, when notified so to do by an authorized agent of the carrier, shall promptly transport from the carrier's depot in the aforesaid city to any consignees, residence, factory, warehouse or other place of business located in or near said city, all less-than-truckload freight of every kind and nature whatsoever billed to such consignee and deliver the same to such consignee at the place where such shipments are usually unloaded, and likewise shall transport all less-than-truckload freight which any shipper may desire to have transported by the carrier from the residence, store, factory, warehouse or other place of business of such shipper (from the place where such shipments are usually delivered to truck or draymen) to said freight depot designated by said agent of the carrier. Except as may be otherwise provided by tariff, all loading and unloading of such freight shall be done by the contractor at the contractor's sole expense.

By another paragraph the agreement provides that "any assignment or subletting of this agreement, or any interest therein, by the contractor without the written consent of the carrier having been first obtained shall be void and of no effect." It further provides that the agreement shall remain in effect until terminated by either party giving not less than thirty days written notice to the other party, "provided that the carrier may terminate this agreement at any time immediately upon written notice to the contractor by reason of any adverse legislation, order or rule of any public authority, or in the event the contractor's services hereunder shall be unsatisfactory to the carrier."

The word "consumer" means an individual who seeks or acquires by purchase or lease, any goods or services. The word "goods" means tangible chattels or real property purchased or leased for use and the word "services" means work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods. § 17.45(1), (2), (4) DTPA.

It is obvious that Baker did not acquire any tangible chattels or real property from Missouri Pacific. Neither did he purchase or lease for use any work, labor or service. Baker sought to enter into a contract whereby *he* would be able to furnish service to Missouri Pacific for a consideration. The contract provides for two classes of services, the transportation of goods from the carrier's depot to a consignee's place of business, and the transportation of goods from the

1. § 17.41 et seq. of the Texas Business and Commerce Code Annotated is commonly referred to as The Texas Consumer Protection Act. (DTPA). The provisions of the DTPA in effect in 1977 govern the disposition of this case. *Pennington v. Singleton,* 606 S.W.2d 682 (Tex.1980). The Consumer Protection Act, originally enacted on May 21, 1973, was amended effective September 1, 1975 and effective May 23, 1977. The references herein to the Act pertain to the Statute as amended and effective in 1977. Tex.Laws, 1977, ch. 216 at 600–605.

place of business of a shipper to the carrier's freight depot. The contract does not provide that Baker has an exclusive right to perform either of these services. The contractor is required to perform these services "when notified so to do by an authorized agent of the carrier." Baker sought to provide services to Missouri Pacific for a compensation.

■ The term "services" includes an activity on behalf of one party by another. "Services" is similar in nature to work or labor. *Riverside National Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980). As a matter of law Baker was not a "consumer" as defined in the Deceptive Trade Practices Act. Only a "consumer" may maintain a private cause of action under the Deceptive Trade Practices Act. *Riverside National Bank v. Lewis,* supra.

Baker has also pled a cause of action based on fraud. The motion for summary judgment asserts that because a written contract was entered into specifically authorizing the action taken by the defendant and made the basis of plaintiff's claim, any evidence that plaintiff might adduce in support of his contentions would constitute parol evidence and would not be admissible into evidence. This obviously does not state a defense to the plaintiff's cause of action under the Deceptive Trade Practices Act, and it is possible that the defendant is asserting the parol evidence rule as a defense to the cause of action based on fraud. The record shows that this cause of action was presented to the trial court, although no specific mention of it is found in the motion for summary judgment or in the order granting summary judgment. The issue was raised in the motion for summary judgment. The take nothing judgment entered by the trial court was a final judgment and has been so treated by the parties to this appeal.

The only point of error asserted by Baker with reference to fraud asserts that there was a material fact issue concerning fraud in the execution of the contract. Was the defendant entitled to summary judgment on the fraud count because the parol evidence rule would prevent the plaintiff from introducing evidence that he was induced to enter into the contract by a representation made by Mr. Richard Toliver, the terminal manager for Missouri Pacific, that a clause included in the contract authorizing termination on thirty days notice would not be enforced as long as Baker properly delivered the freight?

Baker executed the contract after discussing the termination clause with the terminal manager. He does not assert that there was an agreement to delete this clause from the contract or that he did not know that it was contained in the contract. The meaning of the clause is not in question. There is insufficient evidence in this record to show conclusively that Mr. Toliver made the statement relied on by the plaintiff, or that, if made, he knew at the time that the statement was false. In this summary judgment proceeding the burden was upon the movant to prove these matters. *Reynolds v. Alcorn,* 601 S.W.2d 785 (Tex. Civ.App.—Amarillo 1980, no writ); *Monroe v. Mercer,* 414 S.W.2d 756 (Tex.Civ.App.—Houston 1967, writ dism'd); *Murray v. Frankland,* 347 S.W.2d 374 (Tex.Civ.App.—Houston 1961, no writ).

■ The parol evidence rule does not exclude evidence introduced to show that a written contract is void or voidable by reason of fraud. *Dyer v. Hardin,* 323 S.W.2d 119 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.); *Inman v. Parr,* 311 S.W.2d 658 (Tex.Civ.App.—Beaumont 1958, writ ref'd n. r. e.); See, *Town North National Bank v. Broaddus,* 569 S.W.2d 489 (Tex. 1978).

■ The summary judgment evidence does not show with the requisite certainty that because of the parol evidence rule the plaintiff would be unable to introduce evidence establishing that Mr. Toliver, with the intent to induce the plaintiff to enter into the contract, promised the plaintiff that the contract authority permitting cancellation would not be exercised so long as he properly performed his work, knowing at the time that the promise would not be

kept, or, if the promise be considered a statement of company policy, knowing that the company had no such policy.

The plaintiff's cause of action based on the Deceptive Trade Practices Act is severed, and as to this cause of action the judgment of the trial court is affirmed. As to the remaining cause of action based on fraud, the judgment is reversed and the cause is remanded.