Martha FAILING, Appellant,

v.

EQUITY MANAGEMENT
CORPORATION,
Appellee.

No. 01–83–0143–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 5, 1984.

Rehearing Denied Aug. 16, 1984.

Daniel J. Goldberg, Goldberg & Keiter, Houston, for appellant.

Ralph Hutmacher, Houston, for appellee.

Before DUGGAN, JACK SMITH and COHEN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a plaintiff's judgment entered on a jury verdict in a suit on a lease agreement.

The trial court allowed a post-verdict, pre-judgment amendment of the plaintiff's pleadings to delete its unproven claim for incremental attorney's fees in the event of appeal. That action reduced the total monetary claim originally asserted to an amount within county court-at-law jurisdiction.

In 1978, appellant and another person leased space in a Houston office building from TRICO Service Corporation (TSC). In 1979, the lease was assigned by the lessor to David B. Watkins, Trustee, and appellant executed a new lease covering a portion of the original space for an additional term of two years and three months. David B. Watkins, Trustee, signed that lease contract for the lessor, T & W Resources. By a letter agreement dated April 3, 1979, appellant's former partner retained an option of first refusal on the premises at the end of appellant's term which expired on July 31, 1981. Under the terms of the second lease contract, appellant was to pay a base monthly rental and operating expense adjustments.

When appellant refused to relinquish possession of the space at the expiration of her lease, appellee, Equity Management Corporation, sought eviction by forcible entry and detainer action in the justice court. An agreed judgment was entered whereby appellant would have until January 2, 1982, to vacate and would pay appellee $1,000 monthly until that time. Appellant moved out December 28, 1981.

Appellee sued in the county court-at-law for recovery of (1) appellant's unpaid pro rata share of 1981 increases in operating expenses, alleged to be $414.37; (2) damages incurred in replacing glass panels removed by appellant, valued at $875; and (3) reasonable attorney's fees of $2,500 for trial of the suit, with increments of $1,000 each in the event of appeals to the court of

appeals and the supreme court. In answer to special issues submitted, a jury found in the appellee's favor on all issues except the claim for operating expense adjustments. Following the post-verdict amendment of the appellee's pleadings, deleting its unproved claim for incremental attorney's fees in the event of appeal, judgment was entered on the verdict awarding appellee $875 plus attorney's fees of $1,600. Appellant asserts four points of error.

Because appellant's third point of error is jurisdictional, we consider it first. Appellant urges that the trial court erred in allowing appellee to amend and "plead downward" the amount of attorney's fees it sought, thus bringing the amount in controversy within the jurisdictional limits of the county court-at-law. To allow such an amendment was error, she urges, because appellee filed its motion in bad faith fraudulently to obtain the court's jurisdiction.

In its original petition, appellee sued to recover not only the $1,289 alleged due under the lease for operating expenses and damages for removal of fixtures, but also for contractual "reasonable attorney's fees" of $2,500, *plus* an additional $1,000 in the event of an appeal to the court of appeals, *plus* an additional $1,000 in the event of an appeal to the supreme court. The total thus sought by all elements of appellee's original petition was $5,789.37, while the jurisdiction of county courts-at-law is limited to cases where the amount in controversy does not exceed $5,000. Tex. Rev.Civ.Stat.Ann. art. 1970a (Vernon Supp. 1982).

When the trial judge refused to render judgment on the verdict because of the jurisdictional error shown by appellee's pleadings, appellee moved to file a post-verdict amendment, pursuant to Tex.R.Civ. Pro. 63, "to comply with the evidence presented and heard by the jury and ... the verdict rendered by said jury." Appellee urged in its motion to amend that by inadvertently including a claim for $2,000 in attorney's fees contingent upon appeals, it "may have exceeded the jurisdictional bounds of this court." The court allowed the plaintiff to amend and delete that portion of its pleading requesting specified

amounts in the event of appeals. At trial, plaintiff had made no attempt to offer evidence of attorney's fees on appeal. Neither had appellant filed any objection to the court's jurisdiction.

■ Post-verdict, pre-judgment trial amendment is not *per se* improper. *Compare Rotello v. Ring Around Products, Inc.,* 614 S.W.2d 455 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (increasing amount of attorney's fees) and *Shaw v. Tyler Bank & Trust Co.,* 285 S.W.2d 782 (Tex.Civ.App.—Texarkana 1955, writ ref'd n.r.e.) *with Burk Royalty Co. v. Walls,* 596 S.W.2d 932 (Tex.Civ.App. —Fort Worth 1980), *affirmed,* 616 S.W.2d 911 (1981) (increasing exemplary damages). Jurisdiction was not an issue in these cases, however.

We are aware of the rules stating that the good faith allegations of the petition are determinative of whether a cause of action is justiciable by the court whose jurisdiction is sought to be invoked, *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (Tex.1949); *Long v. Fox,* 625 S.W.2d 376 (Tex.App.— San Antonio 1981, writ ref'd n.r.e.); that the amount in controversy is determined by the value to the plaintiff of the rights he asserts in good faith in his pleadings concerning the facts constituting his cause of action, *Brannon v. Pacific, supra; Long v. Fox, supra;* and that a plaintiff's demand for attorney's fees in a petition constitutes part of the amount in controversy for jurisdictional purposes. *Long v. Fox, supra; Johnson v. Universal Life & Accident Insurance Co.,* 127 Tex. 435, 94 S.W.2d 1145 (1936).

■ We are also aware of that line of cases holding that a plaintiff in a court of limited jurisdiction may amend the statement of his cause of action by abandoning, *in its entirety,* any severable item that will reduce the claim to an amount within the jurisdiction of that court. *Williams v. Trinity Gravel Co.,* 297 S.W. 878 (Tex.Civ. App.—Eastland 1927, no writ), *Burke v. Adoue,* 3 Tex.Civ.App. 494, 22 S.W. 824 modified on rehearing, 23 S.W. 91 (1893).

However, a plaintiff cannot amend so as to confer jurisdiction by waiving a *portion only* of a severable claim, or by arbitrarily reducing the alleged value of property or services to reduce his claim to an amount within the court's jurisdiction, *Burke v. Adoue, supra.* The question for determination is whether or not incremental attorney's fees on appeal are a severable claim for jurisdictional purposes.

Judicial economy, as well as the avoidance of multiple or repetitous suits over the same subject matter between the same parties, favors the conclusion that incremental attorney's fees on appeal are a severable item of a plaintiff's claim for jurisdictional purposes. This is particularly so where a defendant has consented to the forum, has remained silent through pre-trial and trial proceedings, and has made no attack on jurisdiction prior to motion for judgment, and also where a plaintiff has not attempted at trial to offer proof concerning incremental attorney's fees in the event of appeal. Certainly, the spirit of Rule 63, Tex.R.Civ.Pro., favors allowing pleadings to be conformed to the proof when no surprise or harm to the adverse party results, and when retrial can be avoided.

The special treatment required to be given in a judgment to an award of attorney's fees on appeal supports the conclusion that such fees are a severable item. A correct form of final judgment requires that an award of such fees be couched in the language of remittitur to avoid the objections of lack of finality, lack of definiteness, and the existence of a conditional judgment. *International Security Life Insurance v. Spray*, 468 S.W.2d 347, 348 (Tex.1971); Contrast: *International Life Insurance Company v. Russell*, 473 S.W.2d 653 (Tex.Civ.App.—El Paso 1971, no writ).

We hold that under the facts of this case attorney's fees on appeal are a severable item of a appellee's contractual claim for attorney's fees and were properly deleted by amendment to reduce the claim to an amount within the court's jurisdiction. Appellant's third point of error is overruled.

Appellant's first point of error contests the overruling of her motion for an instructed verdict on the ground there was no privity of contract between appellee and appellant. She states that in 1979 she entered into a lease contract with David B. Watkins, Trustee for TRICO Service Corporation (TSC), and at no time ever entered into a lease contract with appellee, Equity Management Corporation. She points to testimony by appellee's property manager that no assignment or sublet of the lease contract occurred and further argues that appellee offered no evidence to show that it was either a third party beneficiary to the contract or an agent for TSC. The record does not show whether TSC is an assumed name for, or a predecessor in interest of, T & W Resources, the lessor whose name appears on the 1979 lease contract, and appellant makes no mention of that company in her brief.

Appellant is estopped by the record to question on appeal the allegation in appellee's original petition that appellee is successor in interest to and agent of TSC. First, appellee did not seek recovery in its own right, but in a representative capacity. *Cf. Carr v. Galvan*, 650 S.W.2d 864 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Brans v. Office Building Managers, Inc.*, 593 S.W.2d 414 (Tex.Civ.App.—Dallas 1980, no writ). Tex.R.Civ. Pro. 93(c) requires that an allegation that the plaintiff is not entitled to recover in the capacity in which it sues shall be verified by affidavit. Appellant's first amended original answer and counterclaim does not affirmatively dispute appellee's right to sue, and the accompanying oath contains no jurat. An unattested oath is not an affidavit. *See Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex.1970); *Hill v. Floating Decks of America, Inc.*, 590 S.W.2d 723, 729 (Tex.Civ.App.—San Antonio 1979, no writ). Appellant's general denial did not place in issue appellee's right to recover as successor in interest or agent of TSC, and appellee was thus relieved of the burden of proving those allegations. *Compare Brans, supra; Carr, supra.*

Second, appellant admitted in her answer her continued possession of the leased space by virtue of the justice court order resolving the eviction action between herself and appellee. Such a judicial admission removes from controversy any question of privity of contract between the parties. *See Gevinson v. Manhattan Construction Co. of Oklahoma,* 449 S.W.2d 458, 466 (Tex.1969); *Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726 (1941).

Finally, since the suit in justice court was based on the same lease contract, appellant is collaterally estopped by the prior judgment itself to deny appellee's right to recover in its capacity as successor or agent of TSC. *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195, 199 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Beck v. Beck,* 291 S.W.2d 358, 359 (Tex.Civ.App.—Eastland 1956, writ dism'd). Appellant's point of error one is overruled.

Appellant contends by point of error two that the trial court's award of $1,600 in attorney's fees was unreasonably disproportionate to the $875 awarded in damages. Additionally, she argues that the fees were "excessive in light of the nature of the case, the amount in controversy, the amount of time and skill needed to litigate the case, and the damages involved."

Rule 440 of the Rules of Civil Procedure places upon courts of appeals a duty to reverse and remand a case because of an excessive award unless a remittitur is filed. *Graham v. Morris,* 366 S.W.2d 792, 797 (Tex.Civ.App.—Amarillo 1963, no writ). Statutory attorney's fees have been found excessive where the award did not bear a reasonable proportional relationship to the amount of money involved in the litigation. *Argonaut Insurance Co. v. ABC Steel Co.,* 582 S.W.2d 883 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.) (holding fees of $16,-000 excessive where total trial time was four days and amount in controversy was approximately $13,000); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). However, the reasonableness of an attorney's fee is not wholly dependent upon the amount of recovery. *Magids v. Dorman,* 430 S.W.2d 910, 912 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.) (recovery was $500; attorney fee award of $1,500 was upheld). It is the province of the jury to determine what is the reasonable value of the attorney's services, and the jury may take into consideration *the facts before them* in relation to services rendered as well as estimates of their value made by attorneys who testified. *Id.* In determining whether or not an award is excessive, the reviewing court must look at the entire record, including testimony, the amount in controversy, the nature of the case, common knowledge, and its own experience. *Argonaut Insurance Co. v. ABC Steel Co.,* at 889.

*Texas & Pacific Railway Co. v. Beck-Mattox Brokerage Co.,* 279 S.W. 289 (Tex.Civ.App.—Texarkana 1925, no writ), cited by appellant, is not relevant to the issue here. There, the statute under which the plaintiff sought attorney's fees was not identified, but was apparently one relating to damages incurred during rail shipment. The court there held that plaintiff was not entitled to the original award of statutory attorney's fees when, after reformation of the judgment, the amount of recovery was less than the original claim. The award in the instant case is based on contract.

Appellee's original petition sought reasonable attorney's fees as provided for in the lease contract, alleging the sum of $2,500, with increments in the event of appeal. Appellee's attorney testified without objection that he has been practicing law in Harris County since 1970; that he charges $75 per hour and, for trial work, $500 per day; that he considers these charges reasonable; that he spent eight hours in preparation for trial; that this did not include the time in justice court; and that he feels entitled to $1,100 in attorney's fees in this case. The trial continued another day after this testimony was given. The jury found, in answer to Special Issue No. 6, that $1,600 would be reasonable compensation for the services of appellee's attorney. Appellant's attorney, who testified that $1,000 would be a reasonable fee

for his representation in this matter, apparently did not think his own compensation should be limited by the amount of damages involved. We find the amount awarded as compensation for appellee's attorney to be reasonable in the circumstances.

Appellant insists the attorney's fee award must be apportioned to allow recovery only as to those claims on which the litigant prevails. Since appellee failed to obtain a favorable jury finding on its claim for operating expense charges, appellant urges that the award should be reduced.

*Cantrell v. First National Bank of Euless*, 560 S.W.2d 721 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.), does not support this proposition, as appellant suggests. The court in *Cantrell* found the plaintiff was entitled to additional damages of over $5,000 in statutory penalties. It remanded the issue of attorney's fees as well, because it had no way of knowing whether the trial court's award of $1,000 in attorney's fees would have been the same under the reformed judgment. In our case, the trial judge knew the amount of recovery to which appellee was entitled at the time he entered judgment for the fee award. Appellant's point of error two is overruled.

Point of error four alleges there is no probative evidence to support a finding by the trial court that the three glass panels were so permanently affixed to the realty as to become a part of the realty. She insists that the panels, installed to preserve confidentiality in her work as an attorney and certified public accountant, were shown to be trade fixtures, and that their removal caused no permanent damage.

This question was presented to the jury as a special issue, and the record shows no objection to its submission. The jury found the large glass panes were not trade fixtures and, as such, were not removable by the tenant. This "no evidence" contention on appeal was not brought to the trial court's attention by way of appellant's motion for an instructed verdict or appellant's motion for new trial, or by any other means. Legal insufficiency points may only be raised on appeal when the proper predicate has been made in the trial court. Cornelius, *Appellate Review of Sufficiency of the Evidence Challenges in Civil and Criminal Cases*, 46 Tex.B.J. 439, 440 (1983); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 362 (1960). Appellant's point of error four is overruled.

The judgment is affirmed.