Charles **LUCEY**, Appellant,

v.

**SOUTHEAST TEXAS EMERGENCY PHYSICIANS ASSOCIATES,**
Appellee.

No. 08–90–00075–CV.

Court of Appeals of Texas,
El Paso.

Nov. 14, 1990.

Rehearing Overruled Jan. 16, 1991.

Clinard J. Hanby, Haynes & Fullenweider, Houston, for appellant.

Michael L. Landrum, Sowell & Landrum, Houston, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

OPINION

OSBORN, Chief Judge.

This is an appeal from a judgment, based in part upon a jury verdict and in part non obstante veredicto, awarding recovery of damages against a doctor for breach of contract and denying him recovery on his counterclaim for deceptive trade violations. We affirm.

Southeast Texas Emergency Physicians Associates is an association of physicians practicing emergency medicine in various hospitals in Harris County. It entered into a contract with Dr. Charles Lucey in June 1986 for him to work on a contract basis at the times and places designated by the Associates. Under that contract, Dr. Lucey was required to obtain "tail-end" insurance coverage to cover any claims made after his services terminated but arising out of services performed during his employment. When that coverage was not obtained following the termination of his employment in June 1987, the Associates

obtained the policy and sued Dr. Lucey for breach of contract.

Subsequently, Dr. Lucey, pro se, filed a counterclaim in which he sought general damages of $1,000,000.00, compensatory damages of $250,000.00 and punitive damages of $500,000.00 for defamation, plus $200,000.00 for intentional infliction of mental suffering, plus $200,000.00 for misrepresentation and attempting to use an unconscionable contract, plus undetermined damages for unpaid wages and underpaid wages and $250,000.00 for expectation damages arising out of his expectation of becoming a full partner. At the time all of these pleadings were filed, the county court had jurisdictional limits of $50,000.00. After filing of the Third Amended Counterclaim, the Associates filed a Motion for Dismissal of Counter–Claims for Want of Jurisdiction in which it asserted the amount in controversy was $234,390.00, exclusive of interest, attorneys fees, statutory damages, punitive damages and cost. Dr. Lucey's counsel then filed a Fourth Amended Counterclaim in which he sought to recover the following:

(1) $49,390.00 for loss of wages, damages to his reputation and expense in seeking employment; three times the actual damages for unlawful acts knowingly committed; plus attorneys fees of $36,000.00 for trial and appeal;

(2) In the alternative, $50,000.00 economic loss resulting from misrepresentations as to employment; and punitive damages of $150,000.00;

(3) In the alternative, $50,000.00 for breach of contract, plus $36,000.00 for attorneys fees for trial and appeal;

(4) In the alternative, $50,000.00 for defamation, plus $150,000.00 as exemplary damages.

Under each count and in the prayer, it was alleged that in no event shall the actual damage sum exceed the jurisdictional maximum limits of the court.

In answer to questions submitted to it, the jury found: (1) Dr. Lucey failed to maintain a medical malpractice policy in accordance with the contract; (2) damages to Associates of $8,845.00; (4) the contract was unconscionable; (5) Associates did not breach the contract; (7) Dr. Lucey was a consumer under the Deceptive Trade Practices Act; (8) Associates engaged in false, misleading or deceptive acts and practices; (9) such acts were a producing cause of damages to Dr. Lucey; (10) damages to Dr. Lucey of $17,070.00; (11) Associates acted knowingly; (12) no additional damages; (13) Dr. Lucey's attorney's fees for trial of $20,000.00; (14) Associates did not commit fraud; (18) Dr. Lucey's claim was not in bad faith. Some issues were unanswered.

The court entered judgment finding that it was without jurisdiction to consider the counterclaims of Dr. Lucey, that the defense of unconscionability was not raised as to the contract and based upon the other findings, entered judgment for the Associates for $8,845.00, plus prejudgment interest of $530.70 and post-judgment interest of 10% and cost of court.

By two points of error, the Appellant, Dr. Lucey, asserts the trial court erred in holding it lacked jurisdiction over the deceptive trade practices counterclaim and the trial court erred in failing to render judgment for Dr. Lucey based upon the jury answers to questions seven through thirteen for actual damages of $17,070.00, statutory damages of $2,000.00, attorney's fees of $20,000.00 plus interest and cost. First, we note that when claims are made upon alternative theories, the amounts involved in the various claims are not aggregated and the largest sum placed in issue by any one of the several theories is the amount in controversy. 1 R. McDonald, *Texas Civil Practice,* § 2.17–D. (1981).

The Appellee contends that the original counterclaim far exceeded the jurisdiction of the county court at law and that the court was required to dismiss that claim. Its position is that jurisdiction was determined at the time the original counterclaim was filed and that since there was no jurisdiction at that time, no amendment could provide that jurisdiction. We must note that in this case, that when the original petition was filed and service obtained on Dr. Lucey, the court did at that time have

jurisdiction over the Associates cause of action and both parties to this suit.

There is substantial authority that a plaintiff's claim may not be arbitrarily reduced to confer jurisdiction. A most recent pronouncement appears in the opinion in *Failing v. Equity Management Corporation,* 674 S.W.2d 906 (Tex.App.—Houston [1st Dist.] 1984, no writ), where the Court said:

> We are also aware of that line of cases holding that a plaintiff in a court of limited jurisdiction may amend the statement of his cause of action by abandoning, *in its entirety,* any severable item that will reduce the claim to an amount within the jurisdiction of that court. (Cases cited). However, a plaintiff can not amend so as to confer jurisdiction by waiving a *portion only* of a severable claim, or by arbitrarily reducing the alleged value of property or services to reduce his claim to an amount within the court's jurisdiction, *Burke v. Adoue, supra.*

In *Burke v. Adoue,* 22 S.W. 824 (Tex.Civ.App.—Galveston 1893, no writ), suit was upon a note with a balance due of $938.58, plus an attorney's fee of 10% which was in excess of the Court's jurisdiction of $1,000.00. In response to a plea to the jurisdiction, the petition was amended to remit all sums in excess of $1,000.00. This was an abandonment of that part of the attorney's fee which would have made the claim exceed $1,000.00. In reversing and dismissing the suit, the Court said, "[w]hen the amount to which the plaintiff appears, from his allegations, to be entitled, is a fixed sum, and is beyond that which the law has empowered the court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the avowed purpose of giving jurisdiction." The Court held that a party cannot divide a demand which was an entirety. That holding was followed by this Court in *Callaway v. Gulf States Life Ins. Agency,* 51 S.W.2d 1070 (Tex.Civ.App.—El Paso 1932, no writ).

The *Burke* decision was also followed in *Williams v. Trinity Gravel Co.,* 297 S.W. 878 (Tex.Civ.App.—Eastland 1927, no writ) where suit was filed to recover $750.00 for the value of a drag line bucket and the rental value of $5.00 per day for a period of nearly five months. The total amount exceeded the court's jurisdiction of $1,000.00. Following a motion to dismiss, an amended petition sought only the value of the bucket. Justice Hickman said a plaintiff may amend his cause of action by abandoning in its entirety any severable item which will reduce his claim to an amount within the jurisdiction of the Court. The Court found no error in deleting the severable claim for rental value of the bucket and affirmed the judgment for $750.00. Those cases support the decision in the *Failing* case and all arise from questions about claims which were severable, and where they were severable the pleading could be amended and jurisdiction maintained in the court of limited jurisdiction.

If the claims are not severable, but involve an unliquidated amount, can those claims be reduced so as to place them within the Court's jurisdiction? In *Houston E. & W.T. Ry. Co. v. Southern Pine Lumber Co.,* 6 S.W.2d 418 (Tex.Civ.App.—Beaumont 1928, no writ), the Court recognized the rule that a party cannot waive a portion of a claim to establish jurisdiction, then said, "[b]ut where the amount claimed is unliquidated, and the pleader by inadvertence or mistake fixes his damages at a sum in excess of the jurisdiction of the court, he may by amendment filed in good faith retain his jurisdiction by reducing his demand to a jurisdictional amount." That opinion cites numerous cases, including *McDannell & Co. v. G.P. Cherry,* 64 Tex. 177 (1885), which hold that a party may amend his petition so as to cure a defect of jurisdiction. In the *McDannell* case, the Court recognized that the amended pleading replaced the original pleading and held that if the new pleading as to value was fictitious and averred only to confer jurisdiction, the defendant could have alleged and proved that fact and thereby defeated the jurisdiction. Finally, we note that in *Maryland Casualty Co. v. Overstreet,* 61 S.W.2d 810 (Tex.Comm'n App.1933, holding approved), the carrier filed an appeal from an award

of the Industrial Accident Board in county court and the workman filed a cross-action in which he alleged that he was totally disabled for 16 weeks and permanently partially disabled. He alleged facts which would entitle him to a compensation rate of $20.00 per week and a sum beyond the court's jurisdiction. But, he alleged he was entitled to recover $980.00, an amount within the court's jurisdiction. The Court of Appeals affirmed a judgment for $400.00. 42 S.W.2d 160 (Tex.Civ.App—Austin 1931). On appeal, the Commission of Appeals said the cross-action described an injury for which the law fixed compensation at a sum in excess of $6,000.00. It held the claim was not severable and the cause of action for permanent partial disability was within the exclusive jurisdiction of the district court. But, in remanding the case, the Court said, "[i]nasmuch as defendant in error would have been allowed the privilege of amending his cross-action if the trial court had sustained the general demurrer urged thereto, his cross-action will not be dismissed." We can only conclude that the plaintiff with unliquidated claims which are not severable may nevertheless reduce those claims and make them for a sum within the court's jurisdiction. Point of Error No. One is sustained.

In the second point of error, Dr. Lucey contends the trial court erred in failing to render judgment based upon the jury verdict for actual damages of $17,070.00, statutory damages of $2,000.00, attorney's fees of $20,000.00, pre-judgment and post-judgment interest and costs. In its Second Reply Point, the Associates assert any error in this regard was harmless because as a matter of law Dr. Lucey was not a consumer. In response, Dr. Lucey urges that this issue was not presented to the trial court and has not been preserved for appeal. He relies upon Tex.R.App.P. 52(a) which is the general rule with regard to preservation of appellate complaints. That rule provides that "[i]n order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make ..." and "to obtain a ruling upon the party's request, objection or motion." First, we note that we are not dealing with preservation of error by an appellant. We are only concerned with a response to a point of error. Second, and most important is the controlling language in Tex.R.Civ.P. 324(c), which permits an appellee in a non obstante veredicto case to bring forward by cross-point any ground which would have vitiated the verdict or would have prevented an affirmance of a judgment based upon the verdict.

The Deceptive Trade Practices–Consumer Protection Act in Section 17.50 provides that a consumer may maintain an action for damages resulting from a false, misleading or deceptive act or practice. "Consumer" is defined in Section 17.45 of the Act as an individual who seeks or acquires by purchase or lease, any goods or services. The contract which the parties entered into in June 1986, provided that their relationship would be one of independently contracting parties. It required that Dr. Lucey devote, when scheduled, his entire time and attention to the practice of Emergency Medicine for the Associates. He was to be paid at a specified hourly rate. He did not seek or acquire by purchase or lease any goods or services. This case is not unlike *Baker v. Missouri Pacific Truck Lines, Inc.*, 616 S.W.2d 389 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ), where a party entered into a contract to provide a service as a drayman for a railroad. In holding that Baker was not a consumer as a matter of law, the Court said:

> It is obvious that Baker did not acquire any tangible chattels or real property from Missouri Pacific. Neither did he purchase or lease for use any work, labor or service. Baker sought to enter into a contract whereby *he* would be able to furnish service to Missouri Pacific for a consideration.

Although not involving a contract for services, but instead a privilege to admit and treat patients at a hospital, the Court in *Charter Medical Corporation v. Miller*, 605 S.W.2d 943 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), held as a matter of law that doctors of podiatry were not consum-

ers of the hospital. We agree with the Appellee's Second Reply Point and hold that, as a matter of law, Dr. Lucey was not a consumer.

The judgment of the trial court is affirmed.