Opinion filed August 18,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00350-CV 

                                                    __________

 

                                    OCIE
B. McQUEEN, Appellant

 

                                                             V.

 

                      MARQUATA
McQUEEN DRIGGERS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 47,262-A

 



 

M
E M O R A N D U M   O P I N I O N

Ocie
B. McQueen appeals from a summary judgment that he take nothing in his suit
against Marquata McQueen Driggers, his sister.  His sole issue on appeal is
that the trial court erred in granting the summary judgment because Driggers
did not meet her burden of establishing that no genuine issue of material fact
existed so as to establish her right to judgment against him as a matter of
law.  We affirm.

McQueen
brought this suit against Driggers, seeking to declare invalid a quitclaim deed
by which he had deeded certain real property to her in 2004.  Driggers filed
her motion for summary judgment, asserting that McQueen’s action is barred by
the statute of limitations and the statute of frauds.  In his response, McQueen
asserts that his action is not barred by the statute of limitations because
Driggers had not negated the application of the discovery rule and that it is
not barred by the statute of frauds because Driggers secured the deed from him
by fraud.  

A trial court should grant a motion for summary judgment if
the moving party establishes that (1) no genuine issue of material fact exists
and (2) the moving party is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  Once the movant establishes his right to a summary judgment,
the nonmovant must come forward with evidence or law that precludes summary judgment. 
City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979).

In
his summary judgment affidavit, McQueen stated that Driggers approached him in
the fall of 2003 and discussed the possibility of her grandson moving into a
house that he was not using at the time.  According to McQueen, Driggers told
him that she wanted him to give her a quitclaim deed to the property to secure
her in the event her grandson failed to repay her for money she was loaning him
to make improvements to the property.  McQueen said that Driggers said she
would not file the deed, it being only for her protection in the event that
McQueen died before her grandson repaid her the money for the improvements.  McQueen
relates that, when he told his sister he was ready to move back into the house,
she would not discuss the matter with him.  He asserted that, when his attorney
demanded return of the quitclaim deed, Driggers filed the deed.  In support of
her motion for summary judgment, Driggers indicated, “At no time have I signed,
seen, or known of the existence of any writing evidencing, constituting, or
memorializing the alleged contract, whereby I was to transfer the property the
subject of this lawsuit back to Ocie B. McQueen at the end of five years or at
any other time.”  

The
statute of frauds requires that a contract that is not to be performed in one
year be in writing and signed by the party against whom it is to be enforced.  Tex. Bus. & Com. Code Ann. § 26.01(b)(6)
(Vernon 2009).  A contract for the sale of real estate must also be in writing
and signed by the party against whom it is to be enforced.  Section 26.01(b)(4). 
Consequently, because there is no writing signed by Driggers acknowledging any
obligation not to file the deed, to return the deed to McQueen, or to re-deed
the property to him, McQueen’s claim that Driggers was not going to file the
deed and was going to either return the property to him or re-deed it to him is
barred by the statute of frauds.  

While
McQueen urges that there is a fact issue with respect to the matter because of
his fraud claim, it has been held that the enforcement of an oral contract to
convey land is barred by the statute of frauds, even where there is a claim of
fraud, because otherwise the statute of frauds would be rendered meaningless.  Haase
v. Glazner, 62 S.W.3d 795, 799 (Tex. 2001)

McQueen
insists that the parol evidence rule does not preclude him from proving that
Driggers obtained the deed from him by fraud.  He relies upon the cases of Baker
v. Missouri Pacific Truck Lines, Inc., 616 S.W.2d 389, 393 (Tex. Civ. App.—Houston
[1st Dist.] 1981, no writ); Dyer v. Hardin, 323 S.W.2d 119 (Tex. Civ.
App.—Amarillo 1959, writ ref’d n.r.e.); Inman v. Parr, 311 S.W.2d
658 (Tex. Civ. App.—Beaumont 1958, writ ref’d n.r.e.); and Town North
National Bank v. Broaddus, 569 S.W.2d 489 (Tex. 1978).  As noted by
McQueen, these cases involve the parol evidence rule rather than the statute of
frauds.  In any event, if any of these are inconsistent with the rule announced
in Haase, Haase would control because these cases were all
decided prior to Haase.  These cases precede Haase, and none
involves any discussion of fraud as it relates to the statute of frauds.       

 
Relying on Golson v. Capehart, 473 S.W.2d 627, 628 (Tex. Civ. App.—Eastland
1971, writ ref’d n.r.e.), McQueen also seems to suggest that the statute of frauds
does not preclude his claim because, where an inadequacy of price is extreme in
view of the circumstances surrounding the transaction and is so gross as to
constitute, in itself, decisive evidence of fraud, the sale and deed may be set
aside.    

While
McQueen refers to there being no money paid to him by Driggers or her grandson
and cites cases such as Golson, he makes no assertion that he was
defrauded by the lack of consideration.  Rather, the fraud he asserts is not
related to any lack of consideration but to his assertion that Driggers
fraudulently made an oral promise not to file the deed and to return the deed
to him or re-deed the property to him at a later date.  As we have previously
discussed, that claim is barred by the statute of frauds.  

McQueen
acknowledges that the applicable statute of limitations is four years.  In the
event that we might determine that McQueen was attempting to set aside the deed
on the basis of a want of consideration, such a claim is barred by the
four-year statute of limitations.  See Goodwin v. City of Dallas, 496
S.W.2d 722, 723 (Tex. Civ. App.—Waco 1973, no writ).   While McQueen seeks to
rely on the discovery rule to toll limitations, he does so with respect to his
claim of fraud regarding a promise not to file the deed or to return the deed
or re-deed the property to him, not with respect to any claim to set aside the
deed for lack of consideration.  Nowhere does he assert that he was unaware
that there was no consideration given for his deed to Driggers.      ­  ­­­­­­

Because
we have determined that McQueen’s claim regarding Driggers’s promises is barred
by the statute of frauds, we need not consider his claim that it is not barred
by the statute of limitations.  We overrule McQueen’s sole issue on appeal. 

The
judgment is affirmed.

 

 

                                                                                    JOHN
G. HILL

                                                                                    JUSTICE        

 

August 18, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd District
of Texas at Fort Worth, sitting by assignment.