**Opinion filed August 18, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00350-CV

_____

## OCIE B. McQUEEN, Appellant

## V.

## MARQUATA McQUEEN DRIGGERS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 47,262-A**

## M E M O R A N D U M   O P I N I O N

Ocie B. McQueen appeals from a summary judgment that he take nothing in his suit against Marquata McQueen Driggers, his sister. His sole issue on appeal is that the trial court erred in granting the summary judgment because Driggers did not meet her burden of establishing that no genuine issue of material fact existed so as to establish her right to judgment against him as a matter of law. We affirm.

McQueen brought this suit against Driggers, seeking to declare invalid a quitclaim deed by which he had deeded certain real property to her in 2004. Driggers filed her motion for

summary judgment, asserting that McQueen's action is barred by the statute of limitations and the statute of frauds. In his response, McQueen asserts that his action is not barred by the statute of limitations because Driggers had not negated the application of the discovery rule and that it is not barred by the statute of frauds because Driggers secured the deed from him by fraud.

A trial court should grant a motion for summary judgment if the moving party establishes that (1) no genuine issue of material fact exists and (2) the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant establishes his right to a summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

In his summary judgment affidavit, McQueen stated that Driggers approached him in the fall of 2003 and discussed the possibility of her grandson moving into a house that he was not using at the time. According to McQueen, Driggers told him that she wanted him to give her a quitclaim deed to the property to secure her in the event her grandson failed to repay her for money she was loaning him to make improvements to the property. McQueen said that Driggers said she would not file the deed, it being only for her protection in the event that McQueen died before her grandson repaid her the money for the improvements. McQueen relates that, when he told his sister he was ready to move back into the house, she would not discuss the matter with him. He asserted that, when his attorney demanded return of the quitclaim deed, Driggers filed the deed. In support of her motion for summary judgment, Driggers indicated, "At no time have I signed, seen, or known of the existence of any writing evidencing, constituting, or memorializing the alleged contract, whereby I was to transfer the property the subject of this lawsuit back to Ocie B. McQueen at the end of five years or at any other time."

The statute of frauds requires that a contract that is not to be performed in one year be in writing and signed by the party against whom it is to be enforced. TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (Vernon 2009). A contract for the sale of real estate must also be in writing and signed by the party against whom it is to be enforced. Section 26.01(b)(4). Consequently, because there is no writing signed by Driggers acknowledging any obligation not to file the deed, to return the deed to McQueen, or to re-deed the property to him, McQueen's claim that Driggers was not going to file the deed and was going to either return the property to him or re-deed it to him is barred by the statute of frauds.

2

While McQueen urges that there is a fact issue with respect to the matter because of his fraud claim, it has been held that the enforcement of an oral contract to convey land is barred by the statute of frauds, even where there is a claim of fraud, because otherwise the statute of frauds would be rendered meaningless. *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001)

McQueen insists that the parol evidence rule does not preclude him from proving that Driggers obtained the deed from him by fraud. He relies upon the cases of *Baker v. Missouri Pacific Truck Lines, Inc.*, 616 S.W.2d 389, 393 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ); *Dyer v. Hardin*, 323 S.W.2d 119 (Tex. Civ. App.—Amarillo 1959, writ ref'd n.r.e.); *Inman v. Parr*, 311 S.W.2d 658 (Tex. Civ. App.—Beaumont 1958, writ ref'd n.r.e.); and *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex. 1978). As noted by McQueen, these cases involve the parol evidence rule rather than the statute of frauds. In any event, if any of these are inconsistent with the rule announced in *Haase*, *Haase* would control because these cases were all decided prior to *Haase.* These cases precede *Haase*, and none involves any discussion of fraud as it relates to the statute of frauds.

Relying on *Golson v. Capehart*, 473 S.W.2d 627, 628 (Tex. Civ. App.—Eastland 1971, writ ref'd n.r.e.), McQueen also seems to suggest that the statute of frauds does not preclude his claim because, where an inadequacy of price is extreme in view of the circumstances surrounding the transaction and is so gross as to constitute, in itself, decisive evidence of fraud, the sale and deed may be set aside.

While McQueen refers to there being no money paid to him by Driggers or her grandson and cites cases such as *Golson*, he makes no assertion that he was defrauded by the lack of consideration. Rather, the fraud he asserts is not related to any lack of consideration but to his assertion that Driggers fraudulently made an oral promise not to file the deed and to return the deed to him or re-deed the property to him at a later date. As we have previously discussed, that claim is barred by the statute of frauds.

McQueen acknowledges that the applicable statute of limitations is four years. In the event that we might determine that McQueen was attempting to set aside the deed on the basis of a want of consideration, such a claim is barred by the four-year statute of limitations. *See Goodwin v. City of Dallas*, 496 S.W.2d 722, 723 (Tex. Civ. App.—Waco 1973, no writ). While McQueen seeks to rely on the discovery rule to toll limitations, he does so with respect to his claim of fraud regarding a promise not to file the deed or to return the deed or re-deed the

3

property to him, not with respect to any claim to set aside the deed for lack of consideration. Nowhere does he assert that he was unaware that there was no consideration given for his deed to Driggers.

Because we have determined that McQueen's claim regarding Driggers's promises is barred by the statute of frauds, we need not consider his claim that it is not barred by the statute of limitations. We overrule McQueen's sole issue on appeal.

The judgment is affirmed.


JOHN G. HILL
JUSTICE


August 18, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.